# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 45

Robert M. Heidt,                                                   Plaintiff and Appellee

v.

Trina A. Heidt, n/k/a Trina Ann Iverson,                Defendant and Appellant

No. 20180250

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Robert C. Fleming, Cavalier, ND, for plaintiff and appellee.

Jerilynn Brantner Adams (argued) and Megan J. Gordon (appeared), Fargo, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]     Trina Iverson appeals from a district court order finding a prima facie case for modification of primary residential responsibility had not been established with regard to the parties' two youngest children, G.I.H. and G.O.H.  Iverson also asserts the district court erred when it denied her motion to amend the findings and order.  We reverse the district court's order and remand for an evidentiary hearing to determine whether modification of primary residential responsibility for G.I.H. and G.O.H. is appropriate.

I.

[¶2]     Iverson and Robert Heidt were divorced in October 2012, but did not initially address child custody issues.  In September 2013, the parties agreed to award primary residential responsibility of the parties' seven minor children to Heidt.  In June 2016, Iverson filed her motion seeking modification of primary residential responsibility for the parties' minor children.  Two of the parties' children had reached the age of majority and the five younger children were subject to the motion.

[¶3]     After the divorce, Heidt remained in Grafton and Iverson relocated to Fargo to pursue job opportunities.  In April 2014, Heidt remarried.  Heidt's new wife and her three children moved into Heidt's home which included the parties' five minor children, increasing the number of children in the home to eight.  In June 2016, Iverson sought to obtain primary residential responsibility of the minor children.  Iverson, two of the minor children—V.E.H. and J.J.H., as well as two of the older siblings, filed affidavits in support of the requested modification.  Heidt resisted the motion and filed responsive affidavits from Heidt, his wife, and his parents.

[¶4]     In September 2016, the district court issued an order finding a prima facie case only for V.E.H. and J.J.H. and denied Iverson's request for an evidentiary hearing regarding the two youngest children, G.I.H. and G.O.H.  The district court also denied

1

an evidentiary hearing with regard to R.H.H., due to the minor child's affidavit stating, though she supported her siblings relocating, she would prefer to remain in Grafton to finish high school. As to G.I.H. and G.O.H., the district court found that "simply a remarriage by the custodial parent and vague statements about the desires of the youngest two children with the household as alleged by the Defendant are not sufficient in this situation to support a finding of a prima facie case or warrant an evidentiary hearing."

[¶5] Iverson filed a motion to amend findings and order to provide that a prima facie case had been met as to G.I.H. and G.O.H. and to request an evidentiary hearing for the four children she asserted wanted to live with her. The district court denied the motion stating G.I.H. and G.O.H. did not provide a strong desire to change their residence like J.J.H. and V.E.H. did in their affidavits. Iverson has not appealed the denial of an evidentiary hearing with regard to R.H.H.

II.

[¶6] When a modification of primary residential responsibility is sought more than two years after entry of the prior order establishing primary residential responsibility, the motion is governed by N.D.C.C. § 14-09-06.6(6), which provides:

> The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:
>
> a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and
>
> b. The modification is necessary to serve the best interests of the child.

"A material change in circumstances is an important new fact that was unknown at the time of the prior custody decision." *Thompson v. Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331.

[¶7] Prior to granting an evidentiary hearing on a motion seeking modification of primary residential responsibility, the party seeking modification must initially establish a prima facie case justifying a modification:

2

> A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

N.D.C.C. § 14-09-06.6(4).

[¶8] Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo. *E.g., Sweeney v. Kirby*, 2013 ND 9, ¶ 3, 826 N.W.2d 330; *Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331; *Wolt v. Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534. "A prima facie case requires only enough evidence to allow the factfinder to infer the fact at issue and rule in the moving party's favor." *Kartes v. Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731 (citing *Sweeney*, at ¶ 5). It is a "bare minimum" and requires only facts which, if proved at an evidentiary hearing, would support a change of primary residential responsibility that could be affirmed if appealed. *Kartes*, at ¶ 9; *Sweeney*, at ¶ 5. Allegations alone, however, do not establish a prima facie case, and affidavits must include competent information, which usually requires the affiant to have first-hand knowledge. *Thompson*, at ¶ 6. "Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Id.*

[¶9] In determining whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations. *Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731; *Schumacker v. Schumacker*, 2011 ND 75, ¶ 8, 796 N.W.2d 636. The party opposing the motion may attempt to rebut a prima facie case by presenting evidence conclusively demonstrating the moving party is not entitled to a modification, but when the opposing party's evidence merely creates conflicting issues of fact, the court may not weigh the conflicting allegations when deciding whether a prima facie case has been established. *Wolt*, 2011 ND 170, ¶ 9, 803

3

N.W.2d 534. Only when the opposing party presents counter-affidavits that conclusively show the allegations of the moving party have no credibility, or when the movant's allegations are, on their face, insufficient to justify custody modification, may the district court decide the moving party has not established a prima facie case and deny the motion without an evidentiary hearing. *Id.*

[¶10] Iverson submitted five affidavits: one from herself and four from her children. Iverson's affidavit states the children would have extended family in Fargo, Heidt has physical issues which cause him pain, and the children's healthcare issues are not addressed in a timely manner.

[¶11] V.E.H.'s affidavit states, they (all the minor children) feel "stressed" and "worried" in Grafton. V.E.H. also claims "[t]here is a lot of yelling and arguing in Grafton. [All the minor children seem] to be happier in Fargo . . . ." J.J.H.'s affidavit goes into greater detail and asserts there is a large amount of arguing and yelling in the household and suggests Heidt and his new wife do not spend time with the children. The affidavit of A.I.H., an older child not subject to the motion, asserts Iverson's home in Fargo has less conflict and is more stable than the home in Grafton. A.I.H. also asserts Iverson is more approachable and trustworthy with private information than Heidt. The affidavit of R.H.H. states Iverson's home is less stressful than Heidt's and that the younger siblings are more comfortable with Iverson than Heidt.

[¶12] In addition to the information contained in the affidavits, the district court would have been aware that it had granted an evidentiary hearing for two of G.I.H.'s and G.O.H.'s siblings, and would potentially be dividing custody for the parties' four youngest children. This Court has previously held that our trial courts should be cautious about dividing primary residential responsibility of children. *Schlieve v. Schlieve*, 2014 ND 107, ¶ 25, 846 N.W.2d 733. We have also recognized when determining primary residential responsibility, "split custody of siblings is generally disfavored." *Stoppler v. Stoppler*, 2001 ND 148, ¶ 7, 633 N.W.2d 142. This Court recently approved the split primary residential responsibility of siblings, but only after

4

concluding that "the court thoroughly explained its decision . . . ." *Brouillet v. Brouillet*, 2016 ND 40, ¶¶ 12-13, 875 N.W.2d 485. While we decline to adopt a policy that compels an evidentiary hearing for all children who are subject to an order establishing primary residential responsibility if granted for some of the children subject to the order, the potential for subsequent split primary residential responsibility should be considered in determining whether a prima facie showing has been made by the moving party.

[¶13] In finding no prima facie case existed for either G.I.H. or G.O.H., the district court relied on the lack of a strong preference for modification being expressed by either child. Because of their ages at the time the motion for modification was filed, ten and seven, G.I.H. and G.O.H. did not submit affidavits. Given their young ages, it is uncertain whether significant weight could have been placed on their preference even if affidavits had been filed.

[¶14] We also note the potential for significant extension of the litigation process if modification motions are handled in a piecemeal fashion. In this instance, modification was ultimately granted for two children. Their departure from the home would likely satisfy a prima facie change in circumstances and result in a new motion to modify primary residential responsibility. If that occurs, litigation which began in 2016 would be extended and likely span a period of three to four years in order to decide modification issues that could have been resolved in the initial motion.

[¶15] Accepting the truth of the affidavits submitted by Iverson, the district court became aware of Heidt's remarriage, the addition of Heidt's new spouse to the household, the addition of three new children to the household, persistent arguing between Heidt and his new spouse, and that the household was now stressful for all of the children. The court would also have known that V.E.H. and J.J.H. no longer wanted to reside in Heidt's household and that there was a potential for creating what this Court has generally regarded as a disfavored situation; the separation of G.I.H. and G.O.H. from V.E.H. and J.J.H. These circumstances were sufficient to

5

demonstrate a prima facie case that a material change in circumstances had occurred with regard to all four of the youngest children.

III.

[¶16]   The next step in determining whether an evidentiary hearing is required under N.D.C.C. § 14-09-06.6(6)(b), is whether "[t]he modification is necessary to serve the best interests of the child." Iverson lists and discusses each of the best interest factors in her affidavit. Iverson asserts the children are suffering emotional damage which cannot be rectified without a change in primary residential responsibility. The allegations of consistent arguing between Heidt and his wife, their alleged poor relationship with the children, as well as the stressful household, is a basis for Iverson's position that modification is necessary to prevent emotional damage to the children. *See Schroeder v. Schroeder*, 2014 ND 106, ¶ 19, 846 N.W.2d 716 (modification is necessary to serve the best interests of the child if a child's present environment endangers emotional health or impairs emotional development). The district court would also have been aware that it was creating a potential for separating G.I.H. and G.O.H. from their siblings. Separation of siblings is disfavored and the court should have gone into greater detail regarding why it was compelled to entertain this possibility. When taken as true, the arguments advanced by Iverson are sufficient to support a prima facie finding that the modification is necessary to serve the best interests of G.I.H. and G.O.H. because they have been exposed to a stressful environment which may endanger their emotional health or impair their development.

[¶17]   Heidt submitted various affidavits to the district court opposing modification of residential responsibility. Those affidavits merely contradict Iverson's allegations and do not conclusively demonstrate Iverson is not entitled to a modification.

IV.

[¶18]   Because this Court concludes a prima facie case has been established for G.I.H. and G.O.H., it is unnecessary to determine if the district court erred when it denied

6

Iverson's motion to amend the findings and order. We conclude Iverson established a prima facie case for modification of primary residential responsibility of G.I.H. and G.O.H. and was entitled to an evidentiary hearing. We reverse the district court's order and remand for further proceedings to determine if modification of primary residential responsibility for G.I.H. and G.O.H. is appropriate.

[¶19]   Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.