Tufte, Justice.
[¶1] Eric Baker appeals from a district court order denying his motion to modify primary residential responsibility. We reverse and remand, concluding Eric Baker established a prima facie case for modification, warranting an evidentiary hearing on the motion.
I
[¶2] Ashley Baker and Eric Baker divorced in November 2016. Ashley Baker *512 was awarded primary residential responsibility of the parties' two children. The divorce judgment granted the parties joint decision-making responsibilities for major decisions, including medical decisions. The judgment required the parties to communicate any doctor appointments, illnesses, or behavior issues regarding the children. The judgment also included a right of first refusal provision, stating that if either of the parties was unable to care for the minor children during their parenting time for four hours or more, the other parent must be given the first option to care for the children.
[¶3] In December 2018, Eric Baker moved to modify primary residential responsibility, arguing there had been a material change in circumstances warranting modification. He submitted an affidavit alleging Ashley Baker frustrated his parenting time, failed to make joint decisions with him relating to medical care, failed to comply with the divorce judgment's provisions on communication and the right of first refusal, and abused the children. In response, Ashley Baker submitted an affidavit denying Eric Baker's allegations.
[¶4] The district court denied Eric Baker's motion without a hearing. The court found Eric Baker failed to demonstrate a material change in circumstances had occurred since the entry of the divorce judgment.
II
[¶5] Eric Baker argues he established a prima facie case for modification, and the district court erred in denying his motion without an evidentiary hearing.
[¶6] When a party moves to modify primary residential responsibility after the two-year period following the date of entry of a judgment establishing primary residential responsibility, the district court may grant modification if it finds:
a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and
b. The modification is necessary to serve the best interests of the child.
N.D.C.C. § 14-09-06.6(6).
[¶7] A material change in circumstances is an important new fact that was unknown at the time of the earlier primary residential responsibility decision. Heidt v. Heidt , 2019 ND 45, ¶ 6, 923 N.W.2d 530. The party seeking modification has the burden of proving a prima facie case for modification by serving and filing moving papers and supporting affidavits. N.D.C.C. §§ 14-09-06.6(4) and 14-09-06.6(8). A prima facie case "only requires facts which, if proved at an evidentiary hearing, would support a change of [primary residential responsibility] that could be affirmed if appealed." Hankey v. Hankey , 2015 ND 70, ¶ 8, 861 N.W.2d 479. Whether a moving party has established a prima facie case for a modification of primary residential responsibility is a question of law which this Court reviews de novo on appeal. Heidt , at ¶ 8.
[¶8] In deciding whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations, and it may not weigh conflicting allegations. Heidt , 2019 ND 45, ¶ 9, 923 N.W.2d 530. In Hankey , 2015 ND 70, ¶ 9, 861 N.W.2d 479, this Court discussed the standards guiding a district court's decision of whether a moving party has established a prima facie case under N.D.C.C. § 14-09-06.6(4) :
If the moving party's allegations are supported by competent, admissible evidence, the court may conclude the moving *513 party failed to establish a prima facie case only if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations.
"Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." Heidt , at ¶ 8.
[¶9] Eric Baker's affidavit and supporting exhibits alleged Ashley Baker frustrated his parenting time and denied him the right of first refusal under the divorce judgment. He discussed two instances where Ashley Baker frustrated his parenting time during the Memorial Day and Christmas holidays. He also addressed occasions when Ashley Baker denied him the right of first refusal.
[¶10] Eric Baker claimed Ashley Baker failed to communicate about the children's physical and mental well-being. He alleged Ashley Baker would take the children to doctor appointments with little to no notice. He discussed a period when one of the children was having frequent bathroom accidents. He alleged she failed to address the issue with him and tried to resolve the issue on her own. On short notice, Ashley Baker informed Eric Baker of an upcoming urologist appointment for the child. He requested her to schedule the appointment when he could attend, but she refused and later informed him the child saw the urologist and had been prescribed bladder control medication. Eric Baker also asserted Ashley Baker endangered the children's safety when he witnessed the children riding in a vehicle without car seats during Ashley Baker's parenting time. Eric Baker contended Ashley Baker's actions were detrimental to the best interests of the children.
[¶11] The district court addressed Eric Baker's allegations in general in one paragraph of the court's order. The court found his frustration of parenting time allegations did "not arise to the level of material change of circumstances." The court only specifically addressed Eric Baker's abuse allegation. The court found Eric Baker did not have any firsthand knowledge and the allegation was based on hearsay. The court found Eric Baker's remaining allegations "do not arise to a material change and are suited more for requests for orders to show cause or a modification of parenting time." Other than the allegation of abuse, the court did not conclude that Eric Baker's remaining allegations were not supported by competent evidence, or that his allegations were insufficient on their face, even if uncontradicted, to justify modification. See Hankey , 2015 ND 70, ¶ 13, 861 N.W.2d 479 (stating "[o]ur review of this case is significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues and its failure to expressly delineate the basis for its decision"). The court also failed to address Ashley Baker's counter-affidavit and thus did not rule that she conclusively established Eric Baker's allegations had no credibility.
[¶12] Eric Baker claimed Ashley Baker frustrated his parenting time and acted in violation of the judgment's provisions on decision-making, communication, and right of first refusal. His affidavit was based on firsthand knowledge and included specific examples supporting the allegations. Ashley Baker's counter-affidavit disputes many of Eric Baker's allegations, but a review of her affidavit does not conclusively *514 establish his allegations have no credibility. Her counter-affidavit simply raises conflicting issues of fact.
[¶13] This Court has stated a frustration of parenting time does not alone constitute a sufficient change in circumstances to warrant a change in primary residential responsibility; however, "allegations of parental frustration of parenting time may be a basis to grant an evidentiary hearing." Hankey , 2015 ND 70, ¶ 12, 861 N.W.2d 479 (citing Sweeney v. Sweeney , 2002 ND 206, ¶ 11, 654 N.W.2d 407 ; Schroeder v. Schroeder , 2014 ND 106, ¶ 14, 846 N.W.2d 716 ). Individually, Eric Baker's allegations may not establish a prima facie case, but taken together as true, we conclude he established a prima facie case for modification warranting an evidentiary hearing.
[¶14] Under the de novo standard of review, we reverse the district court order denying an evidentiary hearing and remand, concluding Eric Baker established a prima facie case for modification.
III
[¶15] On appeal, Ashley Baker moved to strike documents from Eric Baker's appendix. Ashley Baker alleged Eric Baker and his attorney violated N.D.R.App.P. 30(a)(1) by including documents in his appendix that were struck from the record by the district court.
[¶16] Rule 30, N.D.R.App.P., governs the appendix to the briefs. Under N.D.R.App.P. 30(a)(1), "[o]nly items in the record may be included in the appendix." The author's signature on the brief certifies compliance with the rule. Id. Rule 30(a)(1), N.D.R.App.P., also requires "only the ... relevant portions of the lower court record" be included in the appendix.
[¶17] Here, the district court struck certain documents from the record in February 2019. Eric Baker included the stricken documents in his appendix on appeal. After the appendix was filed, Ashley Baker's attorney inquired whether Eric Baker would file an amended appendix without the stricken documents. Ashley Baker moved to strike the documents from the appendix after Eric Baker failed to file an amended appendix. Ashley Baker's motion requests sanctions and attorney's fees against Eric Baker and his attorney. Ashley Baker's attorney submitted an affidavit requesting $463.75 in attorney's fees for having to bring the motion.
[¶18] In response, Eric Baker's attorney claimed the stricken records were included in the appendix due to a clerical error in the Odyssey system. An employee of Eric Baker's attorney submitted an affidavit stating she prepared the appendix in March 2019 by printing every document in the record. She stated the stricken documents were available to print in March 2019, but became unavailable to print about a month later.
[¶19] Despite the alleged error with the Odyssey system, we conclude Eric Baker and his attorney violated N.D.R.App.P. 30(a)(1) by including the stricken documents in the appendix. Eric Baker's attorney signed the brief, thus certifying compliance with Rule 30. Eric Baker's attorney also ignored Rule 30 's requirement that only relevant documents from the record be included in the appendix. By including every document from the record, Eric Baker's appendix contained over 750 pages of information.
[¶20] Documents struck in the district court may be properly included in the appendix only if the order striking the documents is contested on appeal. To decide such an issue on appeal, the appellate court necessarily needs to consider the substance of the documents struck. Here, the district court's order striking these *515 documents was not contested on appeal. But beyond those stricken documents, attorneys do not assist the appellate court by including every document in the trial court record in their appendix. Rule 30 contemplates that an appellate attorney will curate the appendix to include "only the following relevant portions of the lower court record." N.D.R.App.P. 30(a)(1). Rule 30(a)(1)(A) through (K) then lists the documents that must be included, including the docket sheet, the pleadings, the notice of appeal, any judgment or order in question on appeal, and "(J) any other relevant parts of the record, including portions of the transcript, to which the particular attention of the court is invited." To avoid an incentive for an overcautious attorney to include the entire record in the appendix, Rule 30(a)(2) also provides: "Parts of the record may be relied on by the court or the parties even though not included in the appendix." An attorney may not direct the "particular attention of the court" to the entire record. A document not specifically required by another subdivision of Rule 30(a)(1) is not a "relevant part[ ] of the record" under N.D.R.App.P. 30(a)(1)(J) if it is not referred to in the briefs. We therefore grant the motion to strike the requested documents from the appendix and award Ashley Baker $463.75 in attorney's fees as a sanction against Eric Baker and his attorney.
IV
[¶21] On May 13, 2019, while the appeal was pending, Eric Baker moved to remand the case to the district court to address the 2019 summer parenting time schedule. The motion claimed the court had to decide the issue of summer parenting time because the parties did not have a schedule. On May 13, 2019, this Court ordered a temporary remand regarding 2019 summer parenting time.
[¶22] On May 14, 2019, Ashley Baker moved to vacate the order of remand. Ashley Baker claimed a remand was unnecessary because the divorce judgment addressed summer parenting time. The motion requested $500 in attorney's fees, claiming Eric Baker and his attorney misled this Court about the necessity of a 2019 summer parenting schedule. On May 23, 2019, a majority of this Court vacated the order of remand. The order reserved the issue of attorney's fees for consideration with the pending appeal. After further consideration, we award Ashley Baker $500 in attorney's fees as a sanction against Eric Baker and his attorney.
V
[¶23] The order denying Eric Baker's motion to modify primary residential responsibility is reversed and remanded for an evidentiary hearing. Ashley Baker's motion to strike is granted, and Ashley Baker is awarded $963.75 in attorney's fees.
[¶24] Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen
Lisa Fair McEvers
Gerald W. VandeWalle, C.J.