FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JULY 8, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 128

Amber Y. Scott,                                                        Plaintiff

v.

Ryan P. Scott,                                      Defendant and Appellant

## No. 20200344

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Richard J. Linnerooth, Fargo, ND, for defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Ryan P. Scott appeals from a district court order denying his motion to modify primary residential responsibility. Scott argues the district court erred by failing to find a material change in circumstances existed and failing to analyze the best interest factors. We affirm.

I

[¶2]   Scott and Amber Napier, formerly known as Amber Scott, were married in July 2009. They share a daughter, M.Y.S., born in 2010, and a son, G.J.S., born in 2014.   The pair divorced in October 2017 based on a settlement agreement they drafted pro se. The stipulation provided for equal residential responsibility of the children and was incorporated into the October 24, 2017, divorce judgment. Scott married Ryah Scott in September 2019. Napier married Richard Napier in February 2020. In December 2019, the parties stipulated to amend the October 24, 2017 divorce judgment. Napier was represented by counsel and Scott was unrepresented. An amended divorce judgment was entered on December 19, 2019 making minor adjustments to the parenting schedule.

[¶3]   In April 2020, Scott moved to modify residential responsibility, requesting primary residential responsibility of the children.  In his affidavit supporting his motion to modify custody, Scott made two main arguments: (1) the children had spent 70 percent of their time living with him during the prior six and one-half months; and (2) it would be in the children's best interests to be placed with Scott because Napier did not provide a stable environment for the children. Scott argued Napier's unstable environment was evidenced by Napier's eviction and lack of a primary residence for approximately three and a half months, as well as her marriage to Richard, a convicted felon. Further, Scott asserted Napier did not provide appropriate attention to the children's personal hygiene or provide hygiene items for the children, and did not ensure their daughter completed her schoolwork or timely attended school. On May 9,

2020, the district court entered an order finding a prima facie case for modification of custody. After the court found a prima facie case, both Scott and Napier retained counsel.

[¶4] An evidentiary hearing was held on September 28, 2020. Ten individuals testified at the evidentiary hearing, including Scott and Napier. Contradictory testimony was given about the time frames the children resided with Scott or Napier. Particularly, contradictory testimony was given on the effects the remarriage of both parties, particularly to Richard, as well as Napier's eviction, multiple short term moves before finding an apartment, and job change had on the children. Contradictory testimony was also given regarding Napier's travel with the children, school attendance, and the health, happiness, and general welfare of the children.

[¶5] On October 12, 2020, the district court denied Scott's motion. In its findings of fact, conclusions of law and order, the court stated Scott failed to prove by the greater weight of the evidence that a material change had occurred. The court found Scott did not establish the fact that the children had resided with him 70 percent of the time, and though Scott took care of the children while Napier was being treated for an illness, there was no material change in circumstances. The court credited the testimony of Napier's sister to find Richard posed no danger to the children. On December 7 2020, Scott appealed.

II

[¶6] Scott argues the district court erred by denying his motion and failing to evaluate the best interest factors because there was a material change in circumstances.

[¶7] The standard of review is well established:

> A district court's decision on whether to modify primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if the appellate court is

2

convinced, on the entire record, a mistake has been made. . . . Under the clearly erroneous standard of review, this Court will not "reweigh the evidence, reassess the credibility of witnesses, or substitute [its] own judgment for a district court's initial decision."

*Stoddard v. Singer,* 2021 ND 23, ¶¶ 6-7, 954 N.W.2d 696 (internal citations omitted).

[¶8] Post-judgment modifications of residential responsibility based on stipulated joint residential responsibility are governed by N.D.C.C. § 14-09-06.6. *See Dickson v. Dickson*, 2018 ND 130, ¶ 7, 912 N.W.2d 321. Section 14-09-06.6(6), N.D.C.C., states:

> The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:
>
> > a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and
> > b. The modification is necessary to serve the best interests of the child.

"The court must first decide whether there has been a material change of circumstances, and if the court finds there has been a material change, it must then decide whether modification is necessary to serve the child's best interests." *Valeu v. Strube*, 2018 ND 30, ¶ 9, 905 N.W.2d 728. The moving party bears the burden to prove that a material change in circumstances exists and that modification is necessary to serve the child's best interests. *Id.*

[¶9] Even in cases where an initial custody order was based on stipulated facts, as is the case here, a party moving to modify custody is required to show a material change has occurred since the prior order. *Valeu*, 2018 ND 30, ¶ 10. However, pre-divorce conduct may be relevant, and can be considered when the divorce was stipulated and the district court was unaware of the facts at the time of the stipulation. *Haag v. Haag*, 2016 ND 34, ¶ 12, 875 N.W.2d 539. A material change in circumstances, as required to modify primary residential

3

responsibility more than two years after entry of prior residential responsibility order, is an important new fact that was unknown at the time of the prior custody decision. *Heidt v. Heidt*, 2019 ND 45, ¶ 6, 923 N.W.2d 530.

[¶10] We have previously recognized a variety of factors that may constitute material changes, including a significant change in a parent's work schedule, the marriage of a parent, attempts to alienate the child's affection for the other parent, and a parenting schedule that causes conflict between parents and behavioral issues in the child. *Rustad v. Baumgartner*, 2020 ND 126, ¶ 8, 943 N.W.2d 786. If a district court determines there has been no material change in circumstances, it is unnecessary for the court to consider whether a change in primary residential responsibility is necessary to serve the children's best interests. *Glass v. Glass*, 2011 ND 145, ¶ 11, 800 N.W.2d 691. When two parties present conflicting testimony on material issues of fact in a child custody modification action, this Court will not redetermine the trial court's findings based upon that testimony. *Roberson v. Roberson*, 2004 ND 203, ¶ 10, 688 N.W.2d 380.

III

[¶11] Scott alleged that he had the children 70 percent of the time for longer than six months. Napier introduced evidence that contradicted this accounting of parenting time. The district court found that Scott had failed to establish this fact. Scott further argued Napier's marriage to Richard, a convicted felon who was recently released from prison after spending approximately 23 years incarcerated, was a material change in circumstances. There was conflicting testimony given regarding the impact Richard's presence had on the children. The court relied upon the testimony of Napier's sister to find Richard "is great with" and "poses no danger to" the children, and held Napier's marriage to Richard was not a material change in circumstances.

[¶12] Scott also alleged the district court erred by failing to consider the evidence cumulatively when deciding there was no material change. In support of his argument, Scott relies on *Woods v. Ryan*, 2005 ND 92, ¶ 5, 696 N.W.2d 508, quoting the district court's finding, "[c]umulatively, taking the above

4

factors into account, this Court finds there has been a material change of circumstances." While this Court affirmed this finding as not clearly erroneous, there was no holding that the district court do more than consider whether there has been a material change as required by N.D.C.C. § 14-09-06.6(6). *Id.* at ¶ 9.

[¶13] As noted in *Woods*,

> A trial court's findings of fact are presumptively correct, and we view the evidence in the light most favorable to the findings. The burden is on the complaining party to demonstrate on appeal that a trial court's finding of fact is clearly erroneous. A trial court's opportunity to observe the witnesses and determine credibility should be given great deference. We give due regard to the trial court's opportunity to assess the credibility and observe the demeanor of witnesses, and we do not retry custody issues or reassess the credibility of witnesses if the court's decision is supported by evidence in the record. We will not reverse a trial court's factual findings merely because we may have viewed the evidence differently, and a choice between two permissible views of the weight of the evidence is not clearly erroneous.

*Woods*, 2005 ND 92, ¶ 9 (internal citations omitted) (cleaned up). It is not this Court's role to redetermine the district court's findings based upon conflicting testimony on material issues of fact. There was support in the record for the court finding no material change had occurred, and this determination does not appear induced by an erroneous view of the law. Because the court determined there had been no material change in circumstances, it was unnecessary for the court to consider whether a change in primary residential responsibility would serve the children's best interests. While we may not have come to the same conclusion, we are not left with a definite and firm conviction a mistake has been made.

5

## IV

[¶14] We affirm the district court order denying Scott's motion to modify primary residential responsibility holding that a material change in circumstances had not occurred.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte