# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2021 ND 183

Jerry M. Kerzmann,                                              Plaintiff and Appellee

and

Tonya L. Kerzmann,                                          Defendant and Appellant

No. 20210086

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Justin D. Hager, Bismarck, ND, for plaintiff and appellee.

Theresa L. Kellington, Bismarck, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Tonya Kerzmann appeals from a district court's denial of her request for an evidentiary hearing on her motion for a change in primary residential responsibility. We conclude Tonya Kerzmann pled a prima facie case supporting her motion for modification of primary residential responsibility. We reverse the order of the district court and remand for further proceedings.

I

[¶2]   Tonya Kerzmann and Jerry Kerzmann were married and have two children, K.K. and B.K. They were divorced in 2016, and the parties agreed Jerry Kerzmann would receive primary residential responsibility of the children. Shortly after the entry of the initial judgment, Tonya Kerzmann unsuccessfully moved to set aside the parties' agreement. In March 2017, the initial judgment was amended to provide Tonya Kerzmann parenting time with the children every other weekend. In March 2018, Tonya Kerzmann filed a motion seeking additional parenting time. The March 2018 motion was resolved when the parties reached an agreement to dismiss the parenting time motion along with other pending motions.

[¶3]   In February 2021, Tonya Kerzmann again moved for modification of the judgment and requested an evidentiary hearing to modify residential responsibility of the children under N.D.C.C. § 14-09-06.6(6). As required by N.D.C.C. § 14-09-06.6(6), Tonya Kerzmann provided an affidavit intended to establish a prima facie case for her motion for modification of parental responsibility, a prerequisite to being granted a full evidentiary hearing. She asserted that the following constituted significant changes in circumstances: that Jerry Kerzmann does not provide her with the opportunity to exercise parenting time when he is unable to parent as required in the judgment; that Jerry Kerzmann fails to discuss the children's medical care with her; that Jerry Kerzmann intentionally interferes with parenting time; that Jerry Kerzmann has not initiated a weekly phone call to allow her to speak to the children as

required by the judgment; and that Jerry Kerzmann has directed the children's school to not allow Tonya Kerzmann at school functions. Included within her affidavit were the following additional allegations: dental care for the children had been neglected; Jerry Kerzmann was intentionally trying to alienate the children from her; and concern about the failure to follow through with recommended therapy for the children.

[¶4] Jerry Kerzmann submitted an affidavit denying Tonya Kerzmann's allegations. He argued the supporting affidavit was not competent because it was comprised of inadmissible evidence, the affidavit lacked credibility, and it would not be in the best interests of the children to modify custody.

[¶5] The district court denied the request for an evidentiary hearing, after finding Tonya Kerzmann did not establish a prima facie case warranting an evidentiary hearing. The court found the supporting affidavit was primarily comprised of inadmissible hearsay and the allegations within the affidavit were made with limited first-hand knowledge. The court also found that even if the requirement to provide prima facie evidence of a material change in circumstances was satisfied, there was no competent evidence that a change in primary residential responsibility was necessary for the best interests of the children.

II

[¶6] "Whether a moving party has established a prima facie case for a modification of primary residential responsibility is a question of law which this Court reviews de novo on appeal." *Baker v. Baker*, 2019 ND 225, ¶ 7, 932 N.W.2d 510 (citing *Heidt v. Heidt*, 2019 ND 45, ¶ 8, 923 N.W.2d 530). When a motion to modify primary residential responsibility is brought more than two years after the date of entry of an order establishing primary residential responsibility, modification is appropriate only if the district court finds the following:

> a.   On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior

2

> order, a material change has occurred in the circumstances of the child or the parties; and
>
> b.    The modification is necessary to serve the best interests of the child.

N.D.C.C. § 14-09-06.6(6).

[¶7]    Before proceeding to a full evidentiary hearing on a motion to modify primary residential responsibility, the party moving for the modification must establish a prima facie case. *Wolt v. Wolt*, 2011 ND 170, ¶ 7, 803 N.W.2d 534. An initial prima facie showing is required by N.D.C.C. § 14-09-06.6(4), which reads as follows:

> A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

[¶8]    A prima facie case requires facts that show there could be a change in custody if they are proven at an evidentiary hearing. *Klundt v. Benjamin*, 2021 ND 149, ¶ 6, 963 N.W.2d 278 (internal citations omitted).

> We have explained that a prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor. A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.

3

*Id.* (quoting *Johnshoy v. Johnshoy*, 2021 ND 108, ¶ 5, 961 N.W.2d 282).

A

[¶9] Section 14-09-06.6(6)(a), N.D.C.C., requires a material change in circumstances to modify primary residential responsibility. Tonya Kerzmann argues she sufficiently alleged prima facie evidence of a material change in circumstances to warrant an evidentiary hearing.

[¶10] A district court may deny an evidentiary hearing when the opposing party presents affidavits showing the moving party has no credibility or the allegations are insufficient to justify residential responsibility modification. *Schumacker v. Schumacker*, 2011 ND 75, ¶ 8, 796 N.W.2d 636. "Whether an alleged change in circumstance is material depends upon the particularities of a given case." *Forster v. Flaagan*, 2016 ND 12, ¶ 11, 873 N.W.2d 904. While "a frustration of parenting time does not alone constitute a sufficient change in circumstances to warrant a change in primary residential responsibility . . . 'allegations of parental frustration of parenting time may be a basis to grant an evidentiary hearing.'" *Baker*, 2019 ND 225, ¶ 13 (quoting *Hankey v. Hankey*, 2015 ND 70, ¶ 12, 861 N.W.2d 479).

[¶11] In her affidavit, Tonya Kerzmann described the following actions by Jerry Kerzmann, which she asserts create a material change in circumstances: the denial of parenting time; the failure to encourage a relationship between her and the children; the refusal to discuss medical issues with her; interference with access to the children's school; and using his position as a law enforcement officer to prevent her access to the school. Tonya Kerzmann provided documentation that one of the minor children's therapy appointments was cancelled and school notes regarding her denial of access to K.K.'s school. She also provided the district court with text message exchanges between the parties regarding parenting time. Because the affidavits included information Tonya Kerzmann represented to be based on her personal knowledge, incorporated documentation of exchanges between the parties, and the alleged facts could be the basis in which to modify residential responsibility of the children, Tonya Kerzmann met her burden to provide a prima facie showing of a change in circumstances sufficient to satisfy N.D.C.C. § 14-09-06.6(6)(a).

4

# III

[¶12] Section 14-09-06.6(6)(b) requires any modification of the existing primary residential responsibility to be necessary to serve the best interests of the child. Tonya Kerzmann argues she has presented sufficient evidence to meet her burden of showing a prima facie case that modification is necessary to serve the best interests of the children.

[¶13] In considering whether the moving party has met the prima facie burden related to N.D.C.C. § 14-09-06.6(6)(b), the district court must consider the applicable N.D.C.C. § 14-09-06.2(1) factors. *See Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716. To satisfy the best interests, the moving party must demonstrate a "factual showing that *could* justify a finding for the moving party that could be affirmed on appeal." *Solwey v. Solwey*, 2016 ND 246, ¶ 20, 888 N.W.2d 756 (emphasis in original). "This is not the time for the district court to judge whether it *would* decide the best-interest factors in favor of the moving party." *Id.* at ¶ 20 (citing *Wald v. Holmes*, 2013 ND 212, ¶ 5, 839 N.W.2d 820) (emphasis in original).

[¶14] Tonya Kerzmann's affidavit described incidents where Jerry Kerzmann has not attended to the children's developmental needs and the children have exhibited inappropriate behavior for their ages. Tonya Kerzmann's affidavit described problems with the children's dental care. Further, she described in her affidavit Jerry Kerzmann's failure to facilitate a relationship between her and the children, specifically, that K.K. often refuses time with her, leading to a separation of K.K. and B.K. The affidavit also described how Jerry Kerzmann has failed to follow-through with counseling for K.K.

[¶15] While Jerry Kerzmann argues the statements within Tonya Kerzmann's affidavit are either untrue or he has different explanations for them, we must accept Tonya Kerzmann's statements within the affidavit as true. *See Solwey*, 2016 ND 246, ¶ 18. The statements, assumed true, implicate the best interest factors under N.D.C.C. § 14-09-06.2(1) (c), (e), and (h), because the statements relate to the children's developmental needs, the willingness of each parent to facilitate a relationship with the other, and the school records of the children.

5

[¶16] Tonya Kerzmann's affidavit also provides prima facie evidence the children are being adversely affected as required by our prior case law interpreting the legislature's use of the term "necessary." *See Johnshoy*, 2021 ND 108, ¶ 9; *Kelly v. Kelly*, 2002 ND 37, ¶ 16, 640 N.W.2d 38. The affidavit includes descriptions of Jerry Kerzmann frustrating Tonya Kerzmann's parenting time, failing to facilitate a relationship between the children and Tonya Kerzmann, failing to follow through with recommended counseling for the children, and failing to provide adequate dental care for the children. The affidavit is sufficient to provide a prima facie showing the children may be adversely affected.

[¶17] Under our de novo review, we conclude Tonya Kerzmann has met her burden of showing a modification of residential responsibility could be in the best interests of the children. Because these facts implicate several best interests factors, which if proven at an evidentiary hearing, could result in a modification of residential responsibility, we find Tonya Kerzmann has satisfied N.D.C.C. § 14-09-06.6(6)(b).

IV

[¶18] Tonya Kerzmann provided a prima facie showing of both a material change in circumstances as required by N.D.C.C. § 14-09-06.6(6)(a) and provided a prima facie showing a modification is necessary for the best interests of the children as required by N.D.C.C. § 14-09-06.6(6)(b). Because she has provided a prima facie showing of both prongs of the statutory framework, we reverse and remand for an evidentiary hearing on Tonya Kerzmann's motion to modify residential responsibility.

V

[¶19] Jerry Kerzmann moved for sanctions against Tonya Kerzmann asserting she had included material from the record within the appendix that is not relevant to the pending appeal. Jerry Kerzmann contends that as part of the stipulated dismissal of Tonya Kerzmann's March 2018 motion to amend her parenting time, the district court ordered that "neither party will be allowed to rely on these old allegations moving forward for any future motions."

6

Documents related to the March 2018 motion were included within the Appellant's Appendix. This Court "may take appropriate action against any person failing to perform an act required by rule or court order," N.D.R.App.P. 13, and it has discretion in determining whether to administer sanctions for noncompliance with the appellate rules. *Silbernagel v. Silbernagel*, 2007 ND 124, ¶ 21, 736 N.W.2d 441. After reviewing the additional materials and noting the materials are part of the court's record, we decline to impose sanctions in this matter.

## VI

[¶20] Tonya Kerzmann provided an affidavit sufficient to establish prima facie evidence supporting modification of residential responsibility of the children. Accordingly, we reverse the order of the district court and remand for an evidentiary hearing on the motion for modification of residential responsibility.

[¶21] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte