FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
AUGUST 4, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 151

Connie Sailer and Kevin Sailer,

Petitioners and Appellants

v.

Natasha Sailer,

Respondent and Appellee

and

Justin Sailer,

Respondent

## No. 20220050

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Bobbi Brown Weiler, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justices VandeWalle, Crothers, and McEvers joined. Justice VandeWalle also filed an opinion concurring specially.

Elise A. Fischer (argued) and Theresa L. Kellington (on brief), Bismarck, N.D., for petitioners and appellants.

Jami L. Haynes, Dickinson, N.D., for respondent and appellee.

**Tufte, Justice.**

[¶1]   Connie and Kevin Sailer appeal from a district court order dismissing their petition for nonparent visitation with their grandchildren. On appeal, they argue the court erred in dismissing their petition for failure to plead a prima facie case. We affirm.

I

[¶2]   Connie and Kevin Sailer are the paternal grandparents of E.D.S. and E.R.S. Justin and Natasha Sailer are the children's parents. When the parents divorced, they stipulated that Natasha would have primary residential responsibility of the children, with Justin having parenting time until 2022. After 2022, the judgment provides the parties share residential responsibility if Justin has no alcohol-related incidents.

[¶3]   In July of 2020, an altercation occurred between the grandparents and the parents. While the parties differ in their accounts of what occurred, it is undisputed that the children witnessed the altercation. The children have not had contact with their grandparents since the altercation, apart from the grandparents having attended some of the children's sporting events.

[¶4]   The grandparents filed a petition for nonparent visitation, which was opposed by Natasha Sailer. The district court dismissed the grandparents' petition for failure to plead a prima facie case, finding they did not plead sufficient facts to establish that they have a substantial relationship with the children or that denial of visitation would result in harm to the children. The grandparents appeal the court's order dismissing their petition.

II

[¶5]   We have not previously described our standard of review for a district court's determination that a petitioner failed to plead a prima facie case for nonparent visitation. The parties argue the clearly erroneous standard of

1

review applies to this appeal because we have held that "[a] district court's decision on visitation is a finding of fact and will not be reversed unless clearly erroneous." *Muchow v. Kohler*, 2021 ND 209, ¶ 5, 966 N.W.2d 910. Unlike the district court's decision after an evidentiary hearing in *Muchow*, this case involves a determination that the pleadings failed to make a prima facie showing. A prima facie showing is not a finding, but instead is a legal conclusion that a party has presented "evidence strong enough, if uncontradicted, to support a finding in her favor." *In re Estate of Clemetson*, 2012 ND 28, ¶ 8, 812 N.W.2d 388 (quoting *Helbling v. Helbling*, 541 N.W.2d 443, 445 (N.D. 1995)). In other contexts, including review of a motion to modify primary residential responsibility, we have held the question of whether a party has established a prima facie case is a question of law fully reviewable on appeal. *Kerzmann v. Kerzmann*, 2021 ND 183, ¶ 6, 965 N.W.2d 427. Accordingly, we review *de novo* the court's determination that the grandparents did not establish a prima facie case to support an award of nonparent visitation.

[¶6] The district court may order nonparent visitation if the petitioner proves: (1) the nonparent is a consistent caretaker or (2) the nonparent has a substantial relationship with the child and the denial of visitation would result in harm to the child. N.D.C.C. § 14-09.4-03(1)(a)(1)-(2). "'Harm to a child' means a significant adverse effect on a child's physical, emotional, or psychological well-being." N.D.C.C. § 14-09.4-01(5). The petitioner also must prove the visitation is in the best interest of the child. N.D.C.C. § 14-09.4-03(1)(b).

[¶7] Under the Uniform Nonparent Custody and Visitation Act, an evidentiary hearing may be held only if a prima facie case is established. "The court shall determine based on the petition under section 14-09.4-06 whether the nonparent has pleaded a prima facie case that the nonparent: . . . [i]s a consistent caretaker; or . . . [h]as a substantial relationship with the child and denial of custody or visitation would result in harm to the child." N.D.C.C. § 14-09.4-07(1). If the court determines the nonparent has failed to make a prima facie showing, "the court shall dismiss the petition." N.D.C.C. § 14-09.4-07(2).

[¶8]   In determining whether a party has established a prima facie case:

> We have explained that a prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor. A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.

*Kerzmann*, 2021 ND 183, ¶ 8.

[¶9]   The district court did not expressly determine whether the grandparents were "consistent caretakers." By dismissing the petition, it impliedly concluded there was no prima facie case on any asserted grounds. Because our review is *de novo*, we independently review the record to determine whether sufficient facts were alleged to support a finding of "consistent caretaker." To make a prima facie showing of "consistent caretaker" status, North Dakota law requires, among other things, evidence sufficient to support a finding that the children lived with the grandparents for not less than twelve months, or good cause to accept a shorter period. N.D.C.C. §§ 14-09.4-03(2). The grandparents did not claim the children lived with them for not less than twelve months. Instead, they asserted in their verified petition and accompanying declarations that they were consistent caregivers because they would "pick the children up and drop them off as needed, wash their clothes, cut their fingernails, spend holidays and special events together, and even buy groceries for the children." On our review of the record, we conclude that the children staying with the grandparents for an occasional weekend and the grandparents periodically caring for their needs failed to establish a prima facie case that the grandparents were consistent caretakers.

[¶10] The district court also concluded that the grandparents failed to make a prima facie showing that they had a substantial relationship with the children

or that denied visitation would harm the children. Regarding the first element, the court explained that the grandparents failed to show they had a substantial relationship with the children because of "the children's young age, the limited number of contacts with the children since July 2020, and the fact that the children were traumatized by the last contact with the Petitioners in July 2020." Further, the court also found the harm to the children element was not established because "the Petition fails to state reasons the denial of visitation would result in harm to the children" and "[t]here is no evidence that the lack of contact by the Petitioners since July 2020 has resulted in any physical, emotional, or psychological detriment to the children."

[¶11] We need not decide here whether the grandparents pleaded sufficient facts to support a substantial relationship with the children, because their failure to establish the "harm to a child" element is dispositive. The grandparents failed to plead any facts that, if proved at an evidentiary hearing, would support a finding that the children would be harmed if visitation were denied. More specifically, the evidence did not establish a prima facie case that further lack of contact would have a "significant adverse effect on [the] child[ren]'s physical, emotional, or psychological well-being." Instead, the grandparents offered only conclusory statements that "further denial of visitation by Natasha would be detrimental to the minor children in that their emotional and behavioral development may be affected," but did not support these conclusory statements with any evidentiary facts. If proven at an evidentiary hearing, facts showing that the children would "smile, wave, and often times throw kisses" at the grandparents when they attended their sporting events would not support a finding that denial of visitation would have a significant adverse effect on the children's well-being. Because the grandparents failed to plead sufficient facts to support a finding of "harm to the child," the grandparents did not meet their burden in establishing a prima facie case. Thus, we conclude the court did not err in dismissing their petition.

### III

[¶12] The order dismissing the petition for grandparent visitation is affirmed.

[¶13] Jon J. Jensen, C.J.

     Gerald W. VandeWalle

     Daniel J. Crothers

     Lisa Fair McEvers

     Jerod E. Tufte


**VandeWalle, Justice, concurring specially.**

[¶14] This appeal is governed by the Uniform Nonparent Custody and Visitation Act, in particular section 14-09.4-03, N.D.C.C., stating the requirements for order of custody or visitation:

1. A court may order custody or visitation to a nonparent if the nonparent proves:
   a. The nonparent:
      (1) Is a consistent caretaker; or
      (2) Has a substantial relationship with the child and denial of custody or visitation would result in harm to the child; and
   b. An order of custody or visitation to the nonparent is in the best interest of the child.
2. A nonparent is a consistent caretaker if the nonparent without expectation of compensation:
   a. Lived with the child for not less than twelve months, unless the court finds good cause to accept a shorter period;
   b. Regularly exercised care of the child;
   c. Made day-to-day decisions regarding the child solely or in cooperation with an individual having physical custody of the child; and
   d. Established a bonded and dependent relationship with the child with the express or implied consent of a parent of the child, or without the consent of a parent if no parent has been able or willing to perform parenting functions.
3. A nonparent has a substantial relationship with the child if:
   a. The nonparent:

(1) Is an individual with a familial relationship with the child by blood or law; or

(2) Formed a relationship with the child without expectation of compensation; and

b. A significant emotional bond exists between the nonparent and the child.

Under N.D.C.C. § 14-09.4-01(7), a nonparent is defined as "an individual other than a parent of the child, including a grandparent, sibling, or stepparent of the child."

[¶15] It is clear to me that the grandparents meet the first part of N.D.C.C. § 14-09.4-03(3)(a)(1) in that, as a matter of law, they have had a familial relationship with the children. I believe they may even have alleged enough to satisfy part (3)(b) of section 14-09.4-03, N.D.C.C., which requires that they have a significant emotional bond between the nonparent and the child. However, I agree with the majority opinion that in this case the record does not support that the denial of visitation may result in harm to the children or that an order for visitation with the grandparents would be in the best interest of the children.

[¶16] It appears to me that the grandparents here are arguing that a denial of the relationship would, presumably, result in harm to the children. In so far as presumptions are concerned, N.D.C.C. § 14-09.4-04 provides "a decision by a parent regarding a request for custody or visitation by a nonparent is in the best interest of the child." This Court has a long standing presumption that applies to parents that "visitation between a non-custodial parent and a child is presumed to be in the child's best interests and that it is not merely a privilege of the non-custodial parent, but a right of the child." *Taylor v. Taylor*, 2022 ND 39, ¶ 16, 970 N.W.2d 209 (quoting *Hendrickson v. Hendrickson*, 2000 ND 1, ¶ 21, 603 N.W.2d 896). *See Gardebring v. Rizzo*, 269 N.W.2d 104 (N.D. 1978) (discussing the history and theory of presumption in North Dakota). We have established no such presumption for grandparents and in light of the Uniform Nonparent Custody and Visitation Act we cannot and should not do so. It would take legislative action to create such a presumption.

[¶17] I do note that there have been several previous cases before this Court where the grandparents have a better relationship with the child than even the parent. However, even in those cases, the presumption favors the parent, not the grandparents, which may, in fact, be contrary to the best interest of the child.

[¶18] Gerald W. VandeWalle