FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
SEPTEMBER 29, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 172

Bruce Joseph Gomm,                                Plaintiff and Appellee

v.

Amy Lorraine Winterfeldt,                         Defendant and Appellant

and

State of North Dakota,                            Statutory Real Party in Interest

## No. 20220043

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Amy M. Clark, Wahpeton, ND, for plaintiff and appellee; submitted on brief.

Jonathan L. Green, Wahpeton, ND, for defendant and appellant; submitted on brief.

**Gomm v. Winterfeldt**
**No. 20220043**

**Jensen, Chief Justice.**

[¶1] Amy Winterfeldt appeals from the denial of her request for primary residential responsibility and the granting of Bruce Gomm's motion for modification of parenting time. Winterfeldt also filed a motion to dismiss this appeal and vacate the underlying proceedings, arguing the district court and this Court lack subject matter jurisdiction because Gomm failed to properly register the existing foreign orders in North Dakota. We deny the motion to dismiss and affirm the district court.

I

[¶2] Winterfeldt and Gomm were divorced in Minnesota in 2014. Gomm was awarded custody of the parties' child, A.J.G. Both parties subsequently moved to Texas and Texas courts assumed jurisdiction over parenting responsibilities related to A.J.G.

[¶3] In 2020, Gomm moved to North Dakota and requested the Texas court relinquish jurisdiction while several motions were pending in Texas. The Texas court indicated it would relinquish jurisdiction if Gomm initiated an action in North Dakota. Gomm then requested North Dakota register the prior Minnesota and Texas actions and accept jurisdiction over the dispute. Winterfeldt filed procedural objections to the registration.

[¶4] The North Dakota district court accepted jurisdiction and Winterfeldt filed additional objections to the registration. Before the district court addressed the additional objections, Winterfeldt filed a request for a writ of supervision with this Court. Winterfeldt's request for a writ of supervision was denied. Following the denial of Winterfeldt's request for a writ of supervision, the district court heard arguments on Gomm's motion to modify parenting time and Winterfeldt's response requesting primary residential responsibility of the child.

[¶5] Gomm's motion for modification of Winterfeldt's parenting time was granted. Winterfeldt's request for primary residential responsibility was denied without a hearing after the district court found Winterfeldt had not established a prima facie case. In denying Winterfeldt's request for primary residential responsibility, the court declined to consider her second set of affidavits and exhibits filed after Gomm had responded to her motion.

[¶6] Winterfeldt appealed and argues the district court erred in determining she had not established a prima facie case for modification of primary residential responsibility, erred in denying her an evidentiary hearing, and erred in not holding a hearing on motions pending in Texas. While this appeal was pending, Winterfeldt filed a motion with this Court to dismiss the appeal, arguing Gomm's failure to properly register the out-of-state actions in North Dakota deprived North Dakota courts of subject matter jurisdiction.

II

[¶7] Winterfeldt argues the district court and this Court lack jurisdiction because Gomm failed to properly register the prior Texas and Minnesota custody determinations in North Dakota. Whether a district court had subject-matter jurisdiction is a question of law subject to the de novo standard of review. *Kelly v. Kelly*, 2011 ND 167, ¶ 12, 806 N.W.2d 133. We have previously discussed jurisdiction for modification of an existing foreign custody determination in *Harshberger v. Harshberger*, 2006 ND 245, ¶ 17, 724 N.W.2d 148 (quoting *Benson v. Benson*, 2003 ND 131, ¶ 8, 667 N.W.2d. 582) as follows:

> First, a court must determine whether it has jurisdiction, and, if it finds that it does, it then must determine whether there is a custody proceeding pending or a decree made by another state which has jurisdiction. If there is a pending custody proceeding in another state, a court must follow the process in N.D.C.C. § 14-14.1-17 and PKPA [Parental Kidnapping Prevention Act 28 U.S.C.] § 1738A(g). A court may not modify a decree issued by another state, except as provided in N.D.C.C. § 14-14.1-14 and PKPA [28 U.S.C.] §§ 1738A(f) and (h). Finally, assuming there is neither a proceeding pending in another state nor a decree by which another state retains jurisdiction, the court may decline to exercise

2

jurisdiction under N.D.C.C. § 14-14.1-18 on the basis of an inconvenient forum, and the court shall decline to exercise its jurisdiction under the provisions of N.D.C.C. § 14-14.1-19 if a person seeking to invoke the court's jurisdiction has engaged in unjustifiable conduct.

[¶8] Registration of foreign custody determinations and subsequent enforcement of a foreign custody determination are governed by N.D.C.C. §§ 14-14.1-25 through 14-14.1-37. Here, the district court exercised its jurisdiction to modify an existing foreign custody determination. Modification "means a child custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination." N.D.C.C. § 14-14.1-01(10). Jurisdiction to modify an existing custody determination, whether made by a court of this state or a foreign tribunal, is governed by N.D.C.C. §§ 14-14.1-12 through 14-14.1-20. There is no statutory requirement that a foreign custody determination be registered under N.D.C.C. §§ 14-14.1-25 through 14-14.1-37 to establish jurisdiction for the modification of an existing custody determination.

[¶9] Winterfeldt incorrectly merges the statutory process for registration and enforcement of a foreign custody determination with the exercise of jurisdiction to modify a custody determination. Winterfeldt has not advanced any argument challenging jurisdiction other than the failure to properly register the foreign custody determination. In particular, she has not made any challenge to the district court's jurisdiction to modify the existing custody determination as governed by N.D.C.C. §§ 14-14.1-12 through 14-14.1-20 other than the registration issue.

[¶10] Our conclusion that registration of a foreign custody determination is separate from a determination of jurisdiction for the modification of an existing custody determination is consistent with the conclusion of other courts. *See, e.g., Hays v. Kaelin*, 2014-Ohio-3357, 2014 WL 3809047 (Ohio Ct. App. 2014). Interpreting the same provisions of the uniform act adopted in North Dakota, the Court of Appeals of Ohio noted the following:

Pursuant to R.C. 3127.36(B), a registered foreign custody order is recognized and enforced by the courts of this state, but may not be modified, except in accordance with the provisions of R.C. 3127.15 to R.C. 3127.24. Therefore, the procedure for modifying foreign custody orders is separate and distinct from the registration process set forth in R.C. 3127.35. *See McGhan v. Vettel*, 122 Ohio St.3d 227, 2009–Ohio–2884, 909 N.E.2d 1279, ¶ 19 ("R.C. 3127.17 provides the * * * procedure for determining when Ohio courts may modify a child-custody determination made by an out-of-state court"); *Bonds v. Bonds*, 11th Dist. Ashtabula No. 2010–A–0063, 2011–Ohio–5867, ¶ 50 ("There is no requirement in the Uniform Child Custody Jurisdiction and Enforcement Act that the foreign decree be registered before an Ohio court may modify the foreign child custody determination").

*Hays,* 2014-Ohio-3357, ¶ 15. We reject Winterfeldt's challenge to the district court's jurisdiction and this Court's jurisdiction based exclusively on registration deficiencies because registration is not a prerequisite for determining whether a court in this state has jurisdiction.

[¶11] Exercising our de novo review we conclude the district court had jurisdiction to modify an existing foreign custody determination pursuant to N.D.C.C. § 14-14.1-14 because North Dakota was the home state of the child on the date of the commencement of the proceeding; Texas no longer had jurisdiction as the parties and child had all moved from Texas and, even if Texas was the home state, Texas had declined to exercise jurisdiction after determining North Dakota is the more appropriate and convenient forum. Jurisdiction to modify an existing determination is made independent from registration and enforcement of a foreign determination. The motion to dismiss asserting North Dakota courts lacked subject matter jurisdiction is denied.

III

[¶12] Winterfeldt argues the district court violated the law of the case doctrine and its obligations to the Texas court when it failed to hold a hearing on motions pending in Texas. She argues the law of the case is the foreign custody order Gomm registered in North Dakota. This Court summarized the law of the case doctrine as follows:

4

[T]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings. Under the law of the case doctrine, a party may not, in the same case with the same facts, relitigate issues that were decided in a prior appeal or issues which would have been resolved had they been properly presented in the first appeal. The law of the case doctrine is based upon the theory of res judicata, and is grounded on judicial economy to prevent piecemeal and unnecessary appeals.

*Schmitz v. N.D. State Bd. of Chiro. Exam'rs*, 2022 ND 52, ¶ 6, 971 N.W.2d 892 (quoting *Ring v. N.D. Dep't of Human Servs.*, 2021 ND 151, ¶ 5, 963 N.W.2d 255). Further, "A successor judge should not revisit rulings previously made in the same proceedings unless special circumstances exist." *Rose Henderson Peterson Mineral Trust dated March 26, 1987*, 2022 ND 92, ¶ 12, 974 N.W.2d 372 (cleaned up).

[¶13] The law of the case doctrine as invoked by Winterfeldt is inapplicable to these proceedings. It is unclear how Winterfeldt connects the law of the case doctrine with a mandate for a North Dakota court to hold a hearing on motions filed in a foreign jurisdiction. She has failed to cite to any authority supporting her assertion a court in this state, upon accepting jurisdiction in a custody matter from another jurisdiction, is compelled to hold a hearing on the motions filed in the foreign jurisdiction. The law of the case doctrine has no application to the current proceedings and we conclude the district court was under no obligation to resolve motions pending in another jurisdiction.

IV

[¶14] Winterfeldt raises two issues as to the denial of her motion to modify primary residential responsibility. First, she argues the district court erred by refusing to consider her second declaration and the additional exhibits filed after Gomm had responded to her motion. Second, she argues the court erred in finding she had not established a prima facie case and therefore was not entitled to an evidentiary hearing on her motion. An order denying a hearing on a motion to modify primary residential responsibility is appealable. *See, e.g.*, *Hankey v. Hankey*, 2015 ND 70, 861 N.W.2d 479.

5

## A

[¶15] Winterfeldt argues the district court erred by refusing to consider her second declaration and the additional exhibits filed after Gomm had responded to her motion. She asserts that under N.D.C.C. § 14-09-06.6(4) and N.D.R.Ct. 3.2 she was entitled to file the additional materials and, because Gomm's response raised new allegations, due process compelled the court to consider the additional materials.

[¶16] The district court declined to consider the additional materials relying on the language of N.D.C.C. § 14-09-06.6(4) and N.D.R.Ct. 3.2(a)(2). We apply a de novo standard of review when interpreting statutes and our rules. *State v. Houkom*, 2021 ND 223, ¶ 7, 967 N.W.2d 801; *State v. Ebertz*, 2010 ND 79, ¶ 8, 782 N.W.2d 350. When this Court's review requires interpreting a statutory rule of procedure and a court-promulgated procedural rule, "we will harmonize them whenever possible and the procedural statute will supplement our procedural rule." *Ebertz*, at ¶ 11 (citing references omitted). "Although statutorily-enacted rules of procedure which supplement the rules we have promulgated may remain in effect until superseded or amended by this Court, Article VI, Section 3, mandates that a court-promulgated procedural rule prevails in a conflict with a legislatively-enacted rule of procedure." *Id*. (cleaned up).

[¶17] Section 14-09-06.6(4), N.D.C.C., establishes the procedure for a party seeking modification of primary residential responsibility, which provides as follows:

> A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

6

[¶18] Under N.D.C.C. § 14-09-06.6(4) the moving party is required to file a motion and supporting affidavit(s), as well as provide notice to the responding party. The responding party may file responsive materials. The district court is required to consider the motion without a hearing and only grant an evidentiary hearing if the moving party has established a prima facie case supporting modification of primary residential responsibility. The statutory procedure is silent regarding whether the moving party may reply to a response filed by the other party.

[¶19] Rule 3.2(a)(2), N.D.R.Ct., is our general rule regarding motions practice in North Dakota Courts. Rule 3.2(a)(2) provides as follows:

> Briefs. Upon serving and filing a motion, the moving party must serve and file a brief and other supporting papers and the opposing party must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers. The moving party may serve and file a reply brief within seven days after service of the answer brief. Upon the filing of briefs, or upon expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests a hearing on the motion.

[¶20] Under N.D.R.Ct. 3.2(a)(2) a moving party must file a brief "and other supporting papers." An opposing party is allowed 14 days to respond to the motion with a brief "and other supporting papers." The moving party is permitted to file a reply brief within seven days after the service of the responsive pleadings. The absence of the phrase "and other supporting papers" in reference to the moving party's right to file a reply brief is significant. We construe the rule as permitting the filing of a reply brief without the submission of "other supporting papers" as is permitted in the preceding parts of the rule.

[¶21] We have previously discussed the interplay between N.D.C.C. § 14-09-06.6(4) and N.D.R.Ct. 3.2(a)(2). *Dietz v. Dietz*, 2007 ND 84, ¶ 17, 733 N.W.2d 225. In *Dietz*, after already concluding the district court erred in denying the moving party an evidentiary hearing given the initial pleadings, this Court addressed the additional issue of whether the moving party was entitled to file

7

a reply brief under Rule 3.2(a)(2). We concluded the moving party was entitled to file a reply brief. Here, Winterfeldt's argument on appeal is the district court's failure to consider her additional evidentiary materials. She did not file a reply brief and has not asserted the court erred in denying her an opportunity to file a reply brief.

[¶22] Winterfeldt, on appeal, contends the district court's refusal to consider her supplemental materials responding to Gomm's affidavit denies her of due process because her supplemental materials "demonstrate that [Gomm's] declaration is riddled with lies and deceit in an attempt to mislead the Court and address items not contemplated by [Winterfeldt] in her motion."

[¶23] "[P]rocedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *Curtiss v. Curtiss*, 2016 ND 197, ¶ 8, 886 N.W.2d 565 (quoting *St. Claire v. St. Claire*, 2004 ND 39, ¶ 6, 675 N.W.2d 175); *see also In re G.R.H.*, 2006 ND 56, ¶ 24, 711 N.W.2d 587. We have recognized that due process is flexible and considered on a case-by-case basis, and the totality of the circumstances must be considered in all cases. *State v. Nice*, 2019 ND 73, ¶ 9, 924 N.W.2d 102.

[¶24] The district court "must accept the truth of the moving party's allegations . . . ." *Kartes v. Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731. Additionally, "[t]he opposing party may present evidence challenging the moving party's right to the relief requested, but when that evidence merely creates conflicting issues of fact, the court may not weigh or resolve conflicting allegations." *Id*.

[¶25] Winterfeldt's assertion is that her due process rights were violated because she was not allowed to reply to Gomm's responsive pleadings containing "lies and deceit" and the new issues raised by his response. However, she fails to identify any example of the district court not accepting as truthful the allegations in her initial materials or identify any examples where the court improperly weighed contradictory assertions in determining she had failed to meet her prima facie burden. Under the totality of the circumstances

in this case, we reject her assertion she was denied due process by the court's refusal to consider supplemental materials not expressly permitted by either statute or court rule, the purported purpose of which would require this Court to presume the district court failed to accept the truth of her initial pleadings or improperly weighed contradictory evidence.

[¶26] On a de novo review, we conclude neither N.D.C.C. § 14-09-06.6(4) or N.D.R.Ct. 3.2(a)(2) entitled Winterfeldt to file supplemental evidentiary materials following Gomm's response to her motion. We further conclude she was not denied due process when the district court declined to consider her supplemental materials.

B

[¶27] Winterfeldt argues the district court erred in finding she had not established a prima facie case and therefore was not entitled to an evidentiary hearing on her motion. Winterfeldt also argues she provided sufficient evidence of a material change as to warrant an evidentiary hearing.

[¶28] Section 14-09-06.6(6), N.D.C.C., provides that:

> The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:
> a.     On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and
> b.     The modification is necessary to serve the best interests of the child.

[¶29] This Court has summarized what is required before a party can receive an evidentiary hearing on their motion to modify primary residential responsibility:

> Before proceeding to a full evidentiary hearing on a motion to modify primary residential responsibility, the party moving for the modification must establish a prima facie case. An initial

9

prima facie showing is required by N.D.C.C. § 14-09-06.6(4), which reads as follows:

> A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

A prima facie case requires facts that show there could be a change in custody if they are proven at an evidentiary hearing.

> We have explained that a prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor. A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.

*Kerzmann v. Kerzmann*, 2021 ND 183, ¶¶ 7-8, 965 N.W.2d 427 (internal citations omitted).

[¶30] Whether a moving party established a prima facie case for modification is a question of law reviewed de novo on appeal. *Kerzmann*, 2021 ND 183, ¶ 6 (quoting *Baker v. Baker*, 2019 ND 225, ¶ 7, 932 N.W.2d 510). To satisfy subpart (b) of N.D.C.C. § 14-09-06.6(6), a showing of "either a general decline in the condition of the child or that the change has adversely affected the child" is necessary. *Kunz v. Slappy*, 2021 ND 186, ¶ 26, 965 N.W.2d 408. In *Kunz*, this

10

Court concluded the moving party "did not allege the changes had adversely affected the child or that there had been a general decline in the child's condition" and reversed the district court's modification of primary residential responsibility. *Id*. at ¶¶ 27-28.

[¶31] Winterfeldt argues she was not required to demonstrate a prima facie case because Gomm had "opened the door" by seeking modification of the existing order to change the location of Winterfeldt's supervised parenting time and establish a child support obligation. Winterfeldt also argues she met her burden to prove a prima facie case based on the following: the parties' subsequent moving to other states; the fact that she was allowed unsupervised parenting time in Texas; Gomm had gotten remarried and was in the process of getting divorced; moving is unstable for the child; the child has medical issues; and alleging Gomm has mental issues, he was violent towards her, he has made false accusations about her, and he has alienated the child from her. Gomm conceded there was a material change in circumstances in that both parties had moved several times since the entry of the Minnesota judgment, most recently Gomm moving to North Dakota and Winterfeldt moving to Utah.

[¶32] Although Gomm concedes there has been a material change in circumstances, exercising our de novo standard of review, we conclude Winterfeldt failed to meet her burden of establishing a prima facie case that a modification is necessary as required by subpart (b) of N.D.C.C. § 14-09-06.6(6). The only allegation that could be construed as "either a general decline in the condition of the child or that the change has adversely affected the child" is the alleged "medical issue" unsupported by the evidence. The only evidence of a "medical issue" is a single supervised parenting time note indicating the child complained of genital pain, but there is no evidence that the pain was anything more than an isolated incident or even attributable to the current allocation of primary residential responsibility. *See Anderson v. Pedie*, 2022 ND 19, ¶ 8, 969 N.W.2d 459 (concluding child's alleged medical issues were not attributable to the father's inaction and that the isolated incident did not endanger the child's health or emotional development as required by the statute). Even if this Court broadly construed Winterfeldt's declaration alleging that moving to different states has adversely affected the child,

11

Winterfeldt presented only conclusory allegations not supported by firsthand knowledge. *See Lessard v. Johnson*, 2022 ND 32, ¶ 13, 970 N.W.2d 160 (noting mere allegations alone do not establish prima facie evidence, affidavits must be competent, and affidavits are not competent when they fail to show a basis of actual personal knowledge or if they state conclusions without the support of evidentiary facts). In contradiction to her allegation that moving the child is harmful, Winterfeldt stated she would move the child with her to Utah if she received primary residential responsibility. Winterfeldt's allegation of parental alienation was similarly conclusory. We therefore conclude Winterfeldt failed to meet her burden for a prima facie case to modify primary residential responsibility, and thus, was not entitled to an evidentiary hearing.

V

[¶33] We affirm the denial of Winterfeldt's request for primary residential responsibility and the granting of Gomm's motion for modification of parenting time. We deny Winterfeldt's motion to dismiss.

[¶34]   Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

12