# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 22

| | |
|---|---|
| Alexander Ryan Jensen, | Plaintiff |
| v. | |
| Ayrica Lynn Jensen nka Ayrica Lynn Penor, | Defendant and Appellant |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

### No. 20220238

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Ayrica L. Penor, self-represented, Bismarck, N.D., defendant and appellant; submitted on brief.

**Tufte, Justice.**

[¶1]   Ayrica Penor, formerly Ayrica Jensen, appeals from a district court order denying her motion to modify primary residential responsibility. On appeal, Penor argues the district court erred in determining that she failed to plead a prima facie case and in denying her request for a hearing. We affirm.

[¶2]   Ayrica Penor and Alexander Jensen are divorced, and the district court awarded primary residential responsibility to Jensen. Penor moved to modify primary residential responsibility under N.D.C.C. § 14-09-06.6. The court found she failed to prove a prima facie case and denied her motion.

I

[¶3]   "Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which we review de novo." *Grigg v. Grigg*, 2015 ND 229, ¶ 9, 869 N.W.2d 411. The movant seeking postjudgment modification of primary residential responsibility has the burden to establish a "prima facie case justifying a modification." N.D.C.C. § 14-09-06.6(4); *see also Green v. Green*, 2009 ND 162, ¶ 7, 772 N.W.2d 612. "A prima facie case requires only enough evidence to allow the factfinder to infer the fact at issue and rule in the moving party's favor." *Grigg*, at ¶ 9. It "requires only facts which, if proved at an evidentiary hearing, would support a change of primary residential responsibility that could be affirmed if appealed." *Id*. A party may establish a prima facie case "with affidavits including competent information, which usually requires the affiant to have first-hand knowledge." *Id*. If affidavits "fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts," they do not support a prima facie case. *Id*.

> If the moving party's allegations are supported by competent, admissible evidence, the court may conclude the moving party failed to establish a prima facie case only if: (1) the opposing party's

counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations.

*Grigg*, at ¶ 10. These requirements prevent "mini-trials by affidavit." *Forster v. Flaagan*, 2016 ND 12, ¶ 8, 873 N.W.2d 904.

## II

[¶4] Penor argues the district court erred in denying her request for a hearing by finding that she failed to plead a prima facie case under N.D.C.C. § 14-09-06.6(6). We disagree. Section 14-09-06.6(6), N.D.C.C., provides:

> The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:
>     a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and
>     b. The modification is necessary to serve the best interests of the child.

Section 14-09-06.6(6), N.D.C.C., burdens the movant with establishing a prima facie case on both of the above elements. *See also Kerzmann v. Kerzmann*, 2021 ND 183, ¶¶ 9, 12, 965 N.W.2d 427.

## III

[¶5] Regarding the best interests of the child under N.D.C.C. § 14-09-06.6(6)(b), a court must consider the applicable N.D.C.C. § 14-09-06.2(1) best interests of the child factors to determine whether modifying primary residential responsibility is in a child's best interests. *Grigg*, 2015 ND 229, ¶ 7 (quoting *Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716). The movant must establish "'either a general decline in the condition of the child

2

or that the change has adversely affected the child'" to establish a prima facie case. *Gomm v. Winterfeldt*, 2022 ND 172, ¶ 30, 980 N.W.2d 204 (quoting *Kunz v. Slappy*, 2021 ND 186, ¶ 26, 965 N.W.2d 408).

[¶6]   The district court concluded that the offered evidence of her relationship with Erick Penor would weigh heavily against Penor under N.D.C.C. § 14-09-06.2(1)(k). Factor (k) instructs the court to assess the personal interactions a child would have in a particular household and how it would affect the child. N.D.C.C. § 14-09-06.2(1)(k). "The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons." *Id*. Penor admits in her affidavit that she married Erick Penor. The court noted Erick Penor had numerous criminal charges, including for violating a protection order, stalking, and assault. The judgment that created the parenting plan explicitly forbade Erick Penor from having contact with the children. Penor alleges in her affidavit that Erick Penor was the "only continuous male figure" in the children's lives while Jensen was in prison and that he helped Penor "tremendously" with the children during that time. In her affidavit, she asks that the court allow Erick Penor to be in contact with the children.

[¶7]   Whatever allegations support Penor's case, Jensen's counter-affidavits and the allegations in Penor's affidavit show that modifying residential responsibility would expose the children to Erick Penor, and thus the offered evidence could only weigh against Penor in determining the children's best interests. This shows the allegations are insufficient on their face to establish a prima facie case that a change in residential responsibility is necessary to further the children's best interests under N.D.C.C. § 14-09-06.2(1). *See Grigg*, 2015 ND 229, ¶¶ 9, 10. We need not consider whether Penor established a prima facie case that a material change in circumstances has occurred. We conclude Penor failed to plead a prima facie case under N.D.C.C. § 14-09-06.6(6)(b), and the district court did not err in denying her request for a hearing.

3

## IV

[¶8] We affirm the order of the district court.

[¶9] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr