Substitute Opinion Page 2 Filed 8/25/25 by Clerk of the Supreme Court

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

### 2025 ND 129

---

| | |
|---|---|
| Amanda Carvalho, n.k.a. Amanda Fox, | Plaintiff and Appellee |
| vs. | |
| Cesar Carvalho, | Defendant and Appellant |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

---

### No. 20250086

---

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice, in which Justices McEvers, Tufte, Bahr and District Judge Kristi P. Venhuizen joined. Justice Bahr filed a concurring opinion, in which Justice McEvers joined.

Gregory W. Liebl, Fargo, ND, for plaintiff and appellee; submitted on brief.

Rachel M. Hanson, Fargo, ND, for defendant and appellant; submitted on brief.

**Carvalho v. Carvalho, et al.**
**No. 20250086**

**Crothers, Justice.**

[¶1] Cesar Carvalho appeals from a district court order denying his motion to modify primary residential responsibility. We affirm.

I

[¶2] Cesar Carvalho and Amanda Carvalho have two minor children. They divorced in 2010 and have since amended the judgment seven times. The most recent started with a contempt motion filed by Amanda Carvalho. Cesar Carvalho responded to the motion and filed a motion with a declaration requesting modification of primary residential responsibility. He argued a change in circumstances involving "both parties' remarriages, moves from other states, Amanda's hostility and unwillingness to co-parent with Cesar, Amanda adding four more children to her home, Amanda's unwillingness to address VMC's severe pet allergies that exacerbate her asthma and negatively affect[] her health, the preference of a [child] to live with his dad, and Amanda's husband assaulting CVC." The court denied Cesar Carvalho's motion.

[¶3] The district court's "findings of fact and conclusions of law" decided the motion with minimal analysis. The court stated:

> Defendant's allegations, to the extent that they are supported by specific, credible evidence, when taken as fact, are insufficient to show a material change in circumstances that would require a modification of residential responsibility.

> In this regard, Defendant's burden to prove that the change of circumstances alleged have "so adversely affected the child that it compels a change in custody to foster the child's best interests," and that there has been a "general decline in the condition of the child," as required by the North Dakota Supreme Court's recent holding in *Kunz v. Slappy*, 2021 ND 186, ¶ 28, 965 N.W.2d 408 [ ] has not been fulfilled.

[¶4] Because the district court found Cesar Carvalho failed to present a prima facie case for modification, no evidentiary hearing was held. Cesar Carvalho timely appealed.

II

[¶5] Cesar Carvahlo claims the district court erred in denying his motion to modify primary residential responsibility. He argues the court erred by not scheduling an evidentiary hearing because he established a prima facie case justifying modification.

[¶6] A party moving for a change of primary residential responsibility more than two years after entry of a prior order establishing primary residential responsibility must establish a material change of circumstances, and that "modification is necessary to serve the best interests of the child." N.D.C.C. § 14-09-06.6(6)(b). The moving party must establish a prima facie case justifying modification. N.D.C.C. § 14-09-06.6(4); *Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716.

[¶7] "The purpose of the prima facie case requirement is to avoid holding modification hearings based on mere allegations alone[.]" *Kartes v. Kartes*, 2013 ND 106, ¶ 12, 831 N.W.2d 731. The statutory procedure "allows the district court to eliminate unsupported or frivolous cases without imposing upon the court and the parties the burden and expense of an unnecessary evidentiary hearing." *Id.* The moving party is entitled to an evidentiary hearing only if new facts have arisen since the prior order constituting a material change of circumstances, and "modification is necessary to serve the best interests of the child." N.D.C.C. § 14-09-06.6(6)(b); *Kerzmann v. Kerzmann*, 2021 ND 183, ¶ 6, 965 N.W.2d 427. We expect the district court to perform adequate analysis for us to determine the basis for its decision. *See Hankey v. Hankey*, 2015 ND 70, ¶ 13, 861 N.W.2d 479 (stating "The conclusory findings in the district court's order denying the motion do little to explain the rationale for the court's ultimate determination that [the movant] had failed to present a prima facie case justifying a modification of residential responsibility."). We could remand for further explanation of the court's determinations; however, our review is de novo and in this case we can

2

determine from the record the basis for the court's order. *See Weber v. Pennington,* 2025 ND 105, ¶ 31, -- N.W.3d -- (applying a de novo standard of review to the denial of a motion to modify residential responsibility due to the failure to establish a prima facie case and affirming the district court's order).

[¶8] "A prima facie case requires facts that show there could be a change in [primary residential responsibility] if they are proven at an evidentiary hearing." *Kerzmann*, 2021 ND 183, ¶ 8.

> We have explained that a prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor. A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.

*Id*. (quoting *Johnshoy v. Johnshoy*, 2021 ND 108, ¶ 5, 961 N.W.2d 282); *see also Falcon v. Knudsen*, 2023 ND 94, ¶ 9, 990 N.W.2d 749 ("If affidavits fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts, they do not support a prima facie case.") (cleaned up). A district court may conclude the moving party failed to establish a prima facie case only if the opposing party presents counter affidavits conclusively establishing the allegations of the moving party have no credibility, or if the movant's allegations are insufficient, on their face, to justify custody modification. *Jensen v. Jensen*, 2023 ND 22, ¶ 3, 985 N.W.2d 679. "Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which we review de novo." *Id.* (cleaned up).

[¶9] Cesar Carvalho argued to the district court:

> In this case, there are multiple changes in circumstances to include both parties' remarriages, moves from other states, Amanda's hostility and unwillingness to coparent with Cesar, Amanda adding

four more children to her home, Amanda's unwillingness to address VMC's severe pet allergies that exacerbate her asthma, negatively affecting her health, the preference of the [child] to live with his dad, and Amanda's husband assaulting CVC. . . .

Throughout Cesar's Declaration, he discussed many of the applicable best interest factors that weigh heavily in favor of modifying residential responsibility and awarding the Defendant primary residential responsibility and sole decision-making responsibility of the minor children. Cesar is the parent that is willing and able to cooperate with Amanda, nurture the children's emotional growth, and provide for VMC's serious asthma. At a minimum, Cesar has met his burden to show a prima facie case for modification and this matter should be set for an evidentiary hearing.

[¶10] Cesar Carvalho's declaration described instances of items forgotten at his house and Amanda Carvalho's refusal to allow her kids to retrieve the items, alleged aggression between Cesar Carvalho and Amanda Carvalho's husband, that their son no longer wishes to live with Amanda Carvalho, their daughter's asthma and dance classes, and the overall contentious co-parenting relationship. Cesar Carvalho failed to produce competent admissible evidence supporting his allegation of the possible violence, C.F.C.'s preferred parent to live with, or V.M.C.'s asthma causing a decline in her health. Cesar Carvalho had no personal knowledge or proof of the alleged violence against C.F.C. and he fails to show how his daughter's health has deteriorated. Mere allegations are not enough to establish a prima facie case. "Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Kerzmann*, 2021 ND 183, ¶ 8. Without supporting affidavits, Cesar Carvalho's claims do not establish a prima facie case of material changes in circumstances. Therefore, the district court did not err when it denied his motion.

III

[¶11] We affirm the district court order denying Cesar Carvalho's motion to modify primary residential responsibility.

4

[¶12] Jerod E. Tufte, Acting C.J.
Daniel J. Crothers
Lisa Fair McEvers
Douglas A. Bahr
Kristi P. Venhuizen, D.J.


**Bahr, Justice, concurring.**

[¶13] I join the majority opinion. I write separately to address the inadequacies of the district court's order. Litigants and this Court should not have to guess as to the reasoning for a court's conclusions and order.

[¶14] Based on its de novo review, the majority explains why Cesar Carvalho's motion for change of primary residential responsibility and supporting affidavits do not establish a prima facie case. The district court provided no such explanation.

[¶15] The bulk of the district court's short order explains the case's procedural history and the standard for deciding a motion to modify residential responsibility. The court's "analysis" is limited to three conclusory sentences. *See* Majority, ¶ 3.

[¶16] First, the district court writes, "Defendant's allegations, to the extent that they are supported by specific, credible evidence, when taken as fact, are insufficient to show a material change in circumstances that would require a modification of residential responsibility." The first part of this sentence indicates the court concluded some of Cesar Carvalho's allegations are not supported by specific, credible evidence. The court did not identify the allegations it determined unsupported by credible evidence and why. The second part of the sentence concludes, without analysis or explanation, that the remaining unidentified allegations "are insufficient to show a material change in circumstances that would require a modification of residential responsibility." The parties and this Court are left to guess which allegations the court concluded are not supported by credible evidence, and why, and which allegations the court concluded are insufficient to show a material change in circumstances, and why.

5

[¶17] In its next sentence, the district court states,

> In this regard, Defendant's burden to prove that the change of circumstances alleged have "so adversely affected the child that it compels a change in custody to foster the child's best interests," and that there has been a "general decline in the condition of the child," as required by the North Dakota Supreme Court's recent holding in *Kunz v. Slappy*, 2021 ND 186, ¶ 28, 965 N.W.2d 408, 416 has not been fulfilled.

Again, the court did not specifically address any of Cesar Carvalho's allegations. Rather, it concluded, without analysis, that Cesar Carvalho has not met his burden of proof.

[¶18] Finally, the district court concludes, "In light of the foregoing, Defendant has failed to present a prima facie case for modification and is therefore not entitled to an evidentiary hearing, pursuant to North Dakota Century Code Section 14-09-06.6(4)." Thus, the essence of the court's order is an explanation of Cesar Carvalho's burden to establish a prima facie case and the summary conclusion he did not meet that burden.

[¶19] "We have previously expressed concern over the trial court's failure to address significant allegations raised by the affidavits." *Tank v. Tank*, 2004 ND 15, ¶ 15, 673 N.W.2d 622. In *Baker v. Baker*, 2019 ND 225, ¶ 11, 932 N.W.2d 510, we noted the district court only specifically addressed one of the movant's allegations. We explained the court held the remaining allegations "do not arise to a material change" without concluding they "were not supported by competent evidence, or that his allegations were insufficient on their face, even if uncontradicted, to justify modification." *Id.* The court "also failed to address [respondent's] counter-affidavit and thus did not rule that she conclusively established [movant's] allegations had no credibility." *Id.*

[¶20] Here, the district court did not identify, much less address, any of Cesar Carvalho's allegations. Although the court appears to have concluded some of the allegations were not supported by competent evidence, the court did not identify or address any specific allegations.

[¶21] This case is like *Hankey v. Hankey*, 2015 ND 70, ¶ 13, 861 N.W.2d 479, where we explained,

> In its order, the district court did not address any of the allegations set forth in [the movant's] affidavits; rather, the court simply made a summary determination that [the movant] failed to present a prima facie case justifying a modification of primary residential responsibility because he "failed to show a material change of circumstances" and "failed to show that a modification of primary residential responsibility is in the best interest of [the child]."

We noted in *Hankey*,

> Our review of this case is significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues and its failure to expressly delineate the basis for its decision. The conclusory findings in the district court's order denying the motion do little to explain the rationale for the court's ultimate determination that [the movant] had failed to present a prima facie case justifying a modification of residential responsibility.

*Id.*

[¶22] I know our district courts are busy. I believe they efficiently handle a high volume of cases. I applaud them for what they do. However, neither a high case load nor the goal to efficiently or promptly resolve cases justifies an opinion or order that does not inform the parties why the court reached its conclusion and entered its order. A party must be able to understand the reasons for a district court's decision to make an informed decision whether to appeal. This Court should also be able to understand the reasons for a district court's decision when conducting judicial review, even when this Court's review is de novo.

[¶23] Lisa Fair McEvers
Douglas A. Bahr

[¶24] The Honorable Kristi P. Venhuizen, D.J., sitting in place of Jensen, C.J., disqualified.