# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 209

Spencer Muchow (deceased),　　　　　　　　　　　　　　Plaintiff

v.

Mariah Kohler,　　　　　　　　　　　　　　Defendant and Appellee

and

Jason Alm and Andrea Alm,　　　　　　　　Intervenors and Appellants

## No. 20210103

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kimberlie M. Larson, West Fargo, ND, for defendant and appellee.

Robert J. Schultz, Fargo, ND, for intervenors and appellants.

# Muchow v. Kohler, et al.
## No. 20210103

**Crothers, Justice.**

[¶1] Jason and Andrea Alm appeal from a district court order denying grandparent visitation, arguing the district court erred in finding they did not meet the statutory requirements for nonparent visitation. We affirm.

## I

[¶2] The Alms were the parents of Spencer Muchow. Muchow and Mariah Kohler had two children, S.J.M.A. and D.J.M.A. In 2018, the district court awarded Muchow primary residential responsibility of the children. Muchow died in 2019 and the children went into Kohler's exclusive care.

[¶3] In 2020, the Alms filed a petition for visitation. After a hearing, the judicial referee denied the Alms' petition. The Alms requested district court review. The district court adopted the referee's findings, concluding it was not proven that the Alms had a significant emotional bond with their grandchildren and that denial of visitation would harm their grandchildren. The district court found Kohler was acting in her children's best interest and could allow the Alms visitation if she so decided.

## II

[¶4] The district court reviews a judicial referee's decision *de novo*. N.D. Sup. Ct. Admin. R. 13, § 11(b). The district court judge's written order supersedes the referee's findings and order. N.D. Sup. Ct. Admin. R. 13, § 10(a). Thus, this Court reviews the district court's order. *Id.*

[¶5] A district court's decision on visitation is a finding of fact and will not be reversed unless clearly erroneous. *Berg v. Berg*, 2002 ND 69, ¶ 4, 642 N.W.2d 899. "A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the

1

entire evidence, we are left with a definite and firm conviction that a mistake has been made." *Id.*

## III

[¶6] The Alms argue the district court's findings regarding nonparent visitation are clearly erroneous because this Court should have a definite and firm conviction that a mistake has been made.

[¶7] North Dakota's Uniform Nonparent Custody and Visitation Act ("UNCVA") governs nonparent visitation rights. N.D.C.C. ch. 14-09.4. The district court may order visitation if the petitioner proves: (1) a substantial relationship with the child, and (2) the denial of visitation would result in harm to the child. N.D.C.C. § 14-09.4-03(1)(a)(2). A petitioner also must prove visitation is in the best interest of the child. N.D.C.C. § 14-09.4-03(1)(b). To obtain an order for visitation, a petitioner must prove each requirement. Here, the harm to child requirement is dispositive.

[¶8] "Harm to child" means a "significant adverse effect on a child's physical, emotional, or psychological well-being." N.D.C.C. § 14-09.4-01(5). Because the UNCVA is a uniform act, we apply a statutory command to seek uniformity with other enacting states by, among other things, considering the official comments. N.D.C.C. § 1-02-13. Although the UNCVA comments indicate testimony from a mental health professional is not required to show a harmful effect, the comments also state a petitioner must show visitation is necessary to prevent harm. UNIF. NONPARENT CUSTODY AND VISITATION ACT §§ 2, 4 cmt. (2018). Thus, the burden was on the Alms to prove by clear and convincing evidence that denial of visitation would result in harm to the children. N.D.C.C. § 14-09.4-04.

[¶9] The Alms contend the death of the children's parent is a significant factor when considering the harm to a child. They cite *Keenan v. Dawson*, where the Michigan Court of Appeals upheld the district court's grant of grandparent

visitation after a two-year-old child's mother died. 739 N.W.2d 681 (Mich. Ct. App. 2007).

[¶10] At the evidentiary hearing in *Keenan*, the grandparents presented testimony from themselves and a clinical psychologist. 739 N.W.2d at 683. The father presented evidence from a different psychologist. *Id.* The grandparents' psychologist testified the child would not have memories of his deceased mother because of his age, so it would be vital to have extended family involved in the child's life. *Id.* at 684. The father's psychologist declined to opine whether the child would be at risk of harm if he did not see his grandparents. *Id.* The district court found the grandparents proved the father's denial of access to the child would create a substantial risk of harm. *Id.* at 685. In affirming the district court's decision, the Michigan Court of Appeals noted "this was not merely a case where the trial court concluded that 'grandparenting is good, therefore it should occur.'" *Id.* at 688. "[The district court] also did not merely second-guess the [father's] decision because it thought grandparenting time was generally a good thing for children." *Id.* Rather, the district court considered "all the testimony about the harms that a young child can suffer when a parent dies and that part of the family is 'cut off' from the child[.]" *Id.*

[¶11] Unlike in *Keenan*, no expert testimony was presented here. The Alms both testified they believed it would be harmful to the children if they were not allowed visitation. The district court found the Alms routinely spent time with the children prior to their father's death. However, the court also found the Alms did not establish exactly how denial of visitation would have a significant adverse effect on the children's well-being. Therefore, the court concluded harm warranting court interference was not established.

[¶12] Upon review of the evidence and the district court's findings, we are not left with a definite and firm conviction a mistake was made. *Berg*, 2002 ND 69, ¶ 4. Thus, the court's findings were not clearly erroneous. Because the court did not err in determining one of the statutory requirements for nonparent visitation, we need not address the others.

3

## IV

[¶13] We have considered the remaining arguments made by the parties and conclude they are either without merit or unnecessary to our decision. The order is affirmed.

[¶14] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte