FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MAY 26, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 110

Kate Austin Anderson,  Plaintiff and Appellee

v.

Derek Thomas Spitzer,  Defendant and Appellant

and

State of North Dakota,  Statutory Real Party in Interest

## No. 20210290

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Reid A. Brady, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice, in which Chief Justice Jensen and Justices McEvers and Tufte joined, and Justice VandeWalle concurred in the result.

Ashley R. Heitkamp, Fargo, ND, for plaintiff and appellee.

Gregory W. Liebl (argued) and Andrew V. Younker (on brief), Fargo, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Derek Thomas Spitzer appeals from a second amended judgment entered after he moved to amend the parenting judgment. He argues the district court erred in granting primary residential responsibility, ordering child support, and setting the parenting time schedule. We reverse.

I

[¶2]   Spitzer and Kate Austin Anderson have a child, P.T.S., who was born in 2009. In 2010 the district court awarded Anderson primary residential responsibility and ordered Spitzer to pay child support. In 2013 Spitzer moved to amend the judgment and requested primary residential responsibility. The court awarded joint residential responsibility, but Spitzer had slightly more than 50% of the parenting time. The parties agreed to eliminate Anderson's child support obligation based on Spitzer's income and their agreement to share P.T.S.'s expenses.

[¶3]   In 2020 Spitzer moved to amend the judgment, requesting primary residential responsibility and a review of Anderson's child support obligation. Anderson filed a countermotion for primary residential responsibility. The judicial referee appointed a parenting investigator, who recommended equal residential responsibility with a parenting schedule for the school year, summertime, and holidays. Evidentiary hearings took place in March 2021 and April 2021. In August 2021, the judicial referee entered an order for a second amended judgment granting Anderson primary residential responsibility and requiring Spitzer to pay child support.

[¶4]   Spitzer requested the district court review the judicial referee's findings. In September 2021, the court entered an order adopting the judicial referee's findings, which we now review as findings of the district court. *Muchow v. Kohler*, 2021 ND 209, ¶ 4, 966 N.W.2d 910.

## II

[¶5] Spitzer argues the district court erred in awarding Anderson primary residential responsibility. He asserts there was not a material change in circumstances that adversely affected P.T.S. or resulted in a general decline of P.T.S.'s condition. We agree.

[¶6] A district court's decision to modify residential responsibility and parenting time are findings of fact subject to clearly erroneous review. *Krump-Wootton v. Krump*, 2019 ND 275, ¶ 10, 935 N.W.2d 534. "A finding of fact is clearly erroneous if there is no evidence to support it, if it is induced by an erroneous view of the law, or if we are convinced, on the basis of the entire record, that a mistake has been made." *Id.*

[¶7] A district court may modify residential responsibility after two years of an order establishing primary residential responsibility if the court finds a material change in circumstances and modification is necessary to serve the best interests of the child. N.D.C.C. § 14-09-06.6(6). To warrant modification, the material change in circumstances must adversely affect the child or result in a general decline in the child's condition. *Kunz v. Slappy*, 2021 ND 186, ¶ 28, 965 N.W.2d 408.

[¶8] In *Slappy*, this Court reversed the district court's modification of primary residential responsibility because no evidence established the child was adversely affected or that there was a general decline in the child's condition. 2021 ND 186, ¶ 29. The moving parent alleged a change of circumstances based on his changed work schedule, but he did not present evidence on why the change was necessary for the child. *Id.* at ¶ 27. We noted the moving parent "did not challenge the district court's finding the child 'is a healthy eight (8) year old succeeding in school, sports and other extra-curricular activities and interests.'" *Id.*

[¶9] Here, the district court found "By all accounts, P.T.S. appears to be developing well. He is an accomplished athlete and receives high academic marks." Anderson's only challenge to that finding is an assertion P.T.S. has experienced anxiety about being with Spitzer. However, the court did not make

any findings regarding P.T.S.'s anxiety. The court ultimately found a material change in circumstances, based on the parties' differing parenting styles, inability to communicate and inability to agree on scheduling and discipline.

[¶10] The findings do not indicate how changed circumstances adversely affected P.T.S. or his condition. *Slappy*, 2021 ND 186, ¶ 28. The district court's determination it was in the child's best interests to modify primary residential responsibility without finding an adverse effect or declining condition of P.T.S. was induced by an erroneous view of the law and is clearly erroneous. *Id.* The court's order modifying the existing residential responsibility is reversed.

III

[¶11] The district court erred in modifying primary residential responsibility without finding the child was adversely affected or evidence of a general decline in the child's condition. It is unnecessary to resolve the remaining issues raised by the parties on appeal. The court's second amended judgment is reversed.

[¶12] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte

     I concur in the result.
     Gerald W. VandeWalle