# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 178

| | |
|---|---|
| Lee P. Queen, | Plaintiff and Appellant |
| v. | |
| Kimber L. Martel, | Defendant and Appellee |
| and | |
| State of North Dakota, | Statutory Real Party in Interest and Appellee |

### No. 20220121

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Cynthia Feland, Judge.

REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Tufte, Justice.

Elise A. Fischer (argued) and Theresa L. Kellington (on brief), Bismarck, N.D., for plaintiff and appellant.

Alex S. Kelsch, Mandan, N.D., for defendant and appellee.

Sheila K. Keller, Bismarck, N.D., for statutory real party in interest and appellee.

# Queen v. Martel
## No. 20220121

**Tufte, Justice.**

[¶1]   Lee Queen appeals from a judgment awarding him and Kimber Martel equal residential responsibility of their minor child and ordering child support. Queen argues he should have been awarded primary residential responsibility and the district court erred in calculating his child support obligation. We conclude the district court failed to make sufficient findings of fact under best interests factor (j). We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand for further proceedings consistent with this opinion.

I

[¶2]   The parties were never married. They have one minor child together, H.L.Q., born in 2018. After a trial, the district court awarded equal residential responsibility of the child and ordered child support obligations for both parties, which, after offsetting the obligations, results in Queen paying $531 per month.

II

[¶3]   Queen argues that the district court erred in awarding equal residential responsibility of their minor child and that he should have been awarded primary residential responsibility. "A district court's decision on residential responsibility is a finding of fact subject to the clearly erroneous standard of review." *Cty. of Sargent v. Faber*, 2022 ND 155, ¶ 6, 978 N.W.2d 652. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, after reviewing the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶4]   In determining residential responsibility, the district court made findings of fact on the best interests factors under N.D.C.C. § 14-09-06.2(1). The court found factors (e) and (h) slightly favored Martel and the remaining factors either favored neither party or were inapplicable. Queen argues the court erred in analyzing all factors, except factors (c) and (i).

1

[¶5]  Factor (j) concerns evidence of domestic violence and provides:

> In determining parental rights and responsibilities, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent have residential responsibility. The court shall cite specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence. If necessary to protect the welfare of the child, residential responsibility for a child may be awarded to a suitable third person, provided that the person would not allow access to a violent parent except as ordered by the court. If the court awards residential responsibility to a third person, the court shall give priority to the child's nearest suitable adult relative. The fact that the abused parent suffers from the effects of the abuse may not be grounds for denying that parent residential responsibility. As used in this subdivision, "domestic violence" means domestic violence as defined in section 14-07.1-01. A court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14-07.1.

N.D.C.C. § 14-09-06.2(1)(j).

[¶6]  The district court found both parties had perpetrated domestic violence:

> In 2020, Martel went to Queen's residence when she was intoxicated and struck Queen during the altercation resulting in her conviction for Domestic Violence. Martel received a Deferred Imposition of Sentence and was required to obtain a chemical dependency evaluation which indicated no treatment was required. H.L.Q. was not present during the incident.

In March of 2018, not long after H.L.Q.'s birth, the parties were involved in a verbal argument which turned physical and led to the issuance of a Domestic Violence Protection Order prohibiting Queen from having contact with Martel and prohibiting Queen's consumption of alcohol during parenting time with H.L.Q. During the physical altercation, Queen was found to have choked Martel, struck her head on the floor several times causing loss of consciousness, a sprained wrist and multiple bruises on her body. Medical records from Martel's visit to the emergency room following the incident reflect that Martel sustained a contusion of the scalp; concussion with loss of consciousness; contusion on her back, neck and face; and a bruised and sprained wrist. H.L.Q. was at home at the time of the incident.

(Citations omitted.)

[¶7] Because the district court found domestic violence had occurred, including at least one incident resulting in what appears to have been serious bodily injury, the court was required to determine whether there is a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child. If a presumption exists, the court must then determine whether the presumption has been overcome by clear and convincing evidence that the best interests of the child require that parent have residential responsibility, citing specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence. If necessary to protect the welfare of the child, residential responsibility for a child may be awarded to a suitable third person, providing priority to the child's nearest suitable adult relative. However, the fact that the abused parent suffers from the effects of the abuse may not be grounds for denying that parent residential responsibility. Because the court did not undertake this analysis or make findings of fact on whether the rebuttable presumption is triggered against either party and, if so, rebutted, we remand to the district court to make these findings and, if necessary, reassess its award of residential responsibility.

## III

[¶8]   We conclude the district court did not make sufficient findings of fact under N.D.C.C. § 14-09-06.2(1)(j) to permit appellate review. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand to the district court with instructions that within thirty days from the filing of this opinion, the court make specific findings of fact on whether the domestic violence rebuttable presumption is triggered against either party and, if so, whether the presumption, in either or both cases, is rebutted. Depending upon its findings, the court may or must reassess its award of residential responsibility.

[¶9]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Lisa Fair McEvers
       Jerod E. Tufte
       Bruce B. Haskell, S.J.


[¶10] The Honorable Bruce B. Haskell, Surrogate Judge, sitting in place of Crothers, J., disqualified.

4