# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 32

Lee P. Queen,                                      Plaintiff and Appellant

v.

Kimber L. Martel,                                 Defendant and Appellee

and

State of North Dakota,        Statutory Real Party in Interest and Appellee

## No. 20220121

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Cynthia M. Feland, Judge.

AFFIRMED.

Per Curiam.

Theresa L. Kellington (on brief), Bismarck, N.D., for plaintiff and appellant.

Alex S. Kelsch (on brief), Mandan, N.D., for defendant and appellee.

Sheila K. Keller (on brief), Special Assistant Attorney General, Bismarck, N.D., for statutory real party in interest and appellee.

**Per Curiam.**

[¶1]   Lee Queen appealed from a judgment awarding him and Kimber Martel equal residential responsibility of their minor child, H.L.Q., and ordering child support. In *Queen v. Martel*, 2022 ND 178, ¶ 8, 980 N.W.2d 914, we concluded the district court failed to make sufficient findings of fact under N.D.C.C. § 14-09-06.2(1)(j) and remanded for further findings and, if necessary, to reassess its award of residential responsibility, retaining jurisdiction under N.D.R.App.P. 35(a)(3)(B).

[¶2]   On remand, the district court found that there was a rebuttable presumption under N.D.C.C. § 14-09-06.2(1)(j) that Queen may not be awarded residential responsibility because he had perpetrated domestic violence against Martel resulting in serious bodily injury, and that Queen did not rebut the presumption. The court entered an amended judgment awarding Martel primary residential responsibility and ordering Queen to pay child support in the amount of $1,018 per month, which eliminated Martel's child support obligation in light of the change in residential responsibility. Upon request by the parties, this Court ordered supplemental briefing.

[¶3]   Queen argues the district court clearly erred in finding that N.D.C.C. § 14-09-06.2(1)(j) applies and that he did not overcome the rebuttable presumption, awarding Martel primary residential responsibility, and calculating his child support obligation. We conclude the district court's findings on the best interests factors, including N.D.C.C. § 14-09-06.2(1)(j); primary residential responsibility; and child support calculations are not clearly erroneous. The amended judgment is summarily affirmed under N.D.R.App.P. 35.1(a)(2).

[¶4]   Jon J. Jensen, C.J.
Lisa Fair McEvers
Jerod E. Tufte

1

Douglas A. Bahr

Bruce B. Haskell

[¶5]   The Honorable Bruce B. Haskell, Surrogate Judge, sitting in place of Crothers, J., disqualified.