# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 53

Joshua M. Goetz,                                    Plaintiff and Appellee

v.

Cassandra B. Goetz, n.k.a. Cassandra Smith,        Defendant and Appellant

and

State of North Dakota,                             Statutory Real Party in Interest

## No. 20220231

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable James D. Gion, Judge.

REMANDED WITH INSTRUCTIONS.

Opinion of the Court by McEvers, Justice.

Justin D. Hager, Bismarck, ND, for plaintiff and appellee.

Garrett D. Ludwig, Mandan, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Cassandra Goetz appeals from a corrected amended judgment awarding her and Joshua Goetz equal residential responsibility of their minor children and awarding Joshua Goetz primary decision making responsibility. For the reasons discussed in this opinion, we retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand with instructions that the district court make specific findings regarding whether the material change in circumstances resulted in a general decline or adversely affected the children.

I

[¶2]   Cassandra Goetz and Joshua Goetz divorced in 2018 and have two minor children together. In the original judgment, the district court awarded Cassandra Goetz primary residential responsibility based on the parties' agreement. Joshua Goetz was awarded parenting time every other weekend and holiday. The court also awarded the parties joint decision-making responsibility on all matters except for daycare and spiritual development decisions, which were awarded to Cassandra Goetz.

[¶3]   In February 2021, Joshua Goetz moved to modify primary residential responsibility, due to issues with co-parenting with Cassandra Goetz. Allegations included her refusing to allow him communication with the children, her animosity towards his wife and her children with Joshua Goetz, and initiating a welfare check during his parenting time without reason. After two evidentiary hearings, the district court awarded the parties equal residential responsibility and awarded Joshua Goetz primary decision-making responsibility.

II

[¶4]   Cassandra Goetz argues the district court erred in awarding equal residential responsibility and giving Joshua Goetz primary decision-making responsibility. "A district court's decision on residential responsibility is a

finding of fact subject to the clearly erroneous standard of review." *Queen v. Martel*, 2022 ND 178, ¶ 3, 980 N.W.2d 914. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, after reviewing the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶5] A party seeking to modify an existing primary residential responsibility determination more than two years after entry of a prior order must establish a material change in circumstances and show modification is necessary to serve the best interests of the child. *Haag v. Haag*, 2016 ND 34, ¶ 8, 875 N.W.2d 539. This Court explained:

> In the context of improvements to the life of the parent seeking modification, we have determined a general decline in the condition of the child coupled with the finding a change is in the best interests of the child satisfies subpart (b) of N.D.C.C. § 14-09-06.6(6). The district court's finding that it was in the child's best interests to modify the existing residential responsibility without a finding the changed circumstances had an adverse effect on the child, or that there had been a general decline in the child's condition, was induced by an erroneous view of the law[.]

*Kunz v. Slappy*, 2021 ND 186, ¶ 28, 965 N.W.2d 408.

[¶6] Despite relying on *Kunz* for setting forth the relevant standard for a motion to modify in this case, the district court did not make specific findings, as required under *Kunz*, regarding whether the change in circumstances adversely affected the children or there had been a general decline in the children's condition. The court made findings about Cassandra Goetz's various concerning behaviors:

> Cassandra's continued animus impacts the interaction between Joshua's new family and Cassandra's new family, with an impact on their daughters L.G.G. and A.J.G. as does Cassandra's manipulation of the parenting plan. Cassandra required a transfer of L.G.G. and A.J.G. when weather conditions made travel unsafe.
>
> …

2

> The Court became aware of the continued animosity toward Joshua from Cassandra at the outset of the Court's involvement. The Court cannot fault Cassandra's personal animus toward Joshua, but Cassandra's obsession with Joshua's fault prevented her from considering the best interests of [L.G.G.] and A.J.G. to their detriment.

[¶7] Despite the aforementioned findings, the district court also found "L.G.G. and A.J.G. apparently are rather normal children." This seemingly conflicts with a finding that it is necessary to change primary residential responsibility. Although the district court recognized the requirement stated in *Kunz*, the court did not make any specific findings of adverse effects on the children or a general decline in the children's conditions.

[¶8] In *Anderson v. Spitzer*, the district court modified primary residential responsibility based on different parenting styles, inability to communicate, and inability to agree on scheduling and discipline without any findings on how the child was adversely affected. 2022 ND 110, ¶ 10, 974 N.W.2d 695. In *Spitzer*, the court found "By all accounts, P.T.S. appears to be developing well. He is an accomplished athlete and receives high academic marks." *Id*. at ¶ 9. The only challenge to that finding was an assertion P.T.S. has experienced anxiety about being with Spitzer. *Id*. The court did not make any findings regarding P.T.S.'s anxiety. *Id*. We reversed rather than remanded because the findings did not indicate how changed circumstances adversely affected the child or his condition declined. *Id*. at ¶ 10.

[¶9] Conversely, here, the district court made findings that could be inferred to show how changed circumstances adversely affected the children. The court found Cassandra Goetz's animus towards Joshua Goetz and his new family impacts the children and that her obsession with Joshua Goetz's fault is to the children's detriment. Unlike *Spitzer*, the district court's findings are unclear rather than completely absent. Because the court did not undertake an analysis on the effect on the children, we remand to the district court to make these findings. *See Curtiss v. Curtiss*, 2016 ND 197, ¶ 13, 886 N.W.2d 565 (remanding when the district court does not make sufficient findings, and because we are unable to understand the factual basis for the court's decision).

## III

[¶10]  We conclude the district court did not make sufficient findings of fact to permit appellate review. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand to the district court with instructions that, within thirty days from the filing of this opinion, the court make specific findings of fact on whether the material change in circumstances resulted in a general decline or had an adverse effect on the children.

[¶11]  Jon J. Jensen, C.J.
      Lisa Fair McEvers
      Jerod E. Tufte
      David W. Nelson, S.J.
      Stacy J. Louser, D.J.

[¶12]  The Honorable David W. Nelson, S.J., and the Honorable Stacy J. Louser, D.J, sitting in place of Crothers, J., and Bahr, J., disqualified.