# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 120

Joshua M. Goetz,                                       Plaintiff and Appellee

    v.

Cassandra B. Goetz, n.k.a. Cassandra Smith,            Defendant and Appellant

    and

State of North Dakota,                        Statutory Real Party in Interest

### No. 20220231

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable James D. Gion, Judge.

REVERSED.

Opinion of the Court by McEvers, Justice, in which Chief Justice Jensen and Justice Tufte joined. Surrogate Judge Nelson filed a dissenting opinion, in which District Judge Louser joined.

Justin D. Hager, Bismarck, ND, for plaintiff and appellee.

Garrett D. Ludwig, Mandan, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Cassandra Smith, formerly Cassandra Goetz, appeals from a corrected amended judgment awarding her and Joshua Goetz equal residential responsibility of their minor children and awarding Goetz primary decision making responsibility. In *Goetz v. Goetz*, 2023 ND 53, 988 N.W.2d 553, we remanded the case concluding the district court did not make specific findings regarding whether the material change in circumstances resulted in a general decline or adversely affected the children. Upon reviewing the district court's findings on remand, we reverse the judgment because the court once again failed to make specific findings regarding whether the material change in circumstances resulted in a general decline or adversely affected the children.

I

[¶2]   Cassandra Smith and Joshua Goetz divorced in 2018 and have two minor children together. In the original judgment, the district court awarded Smith primary residential responsibility based on the parties' agreement. Goetz was awarded parenting time every other weekend and holiday. The court also awarded the parties joint decision-making responsibility on all matters except for daycare and spiritual development decisions, which were awarded to Smith.

[¶3]   In February 2021, Goetz moved to modify primary residential responsibility due to co-parenting issues with Smith. He alleged she refused to allow him communication with the children, held animosity towards his wife and their children, and initiated a welfare check during his parenting time without reason. After two evidentiary hearings, the district court awarded the parties equal residential responsibility and awarded Goetz primary decision-making responsibility. Smith appealed. We retained jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remanded with instructions that the district court make specific findings regarding whether the material change in

circumstances resulted in a general decline or adversely affected the children. *Goetz*, 2023 ND 53, ¶ 10.

## II

[¶4] Smith argues the district court erred in awarding equal residential responsibility and giving Goetz primary decision-making responsibility. She asserts there was not a material change in circumstances that adversely affected the children or resulted in a general decline.

[¶5] "A district court's decision on residential responsibility is a finding of fact subject to the clearly erroneous standard of review." *Queen v. Martel*, 2022 ND 178, ¶ 3, 980 N.W.2d 914. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, after reviewing the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶6] A district court may modify residential responsibility two years after an order establishing primary residential responsibility if the court finds a material change in circumstances and the modification is necessary to serve the best interests of the child. N.D.C.C. § 14-09-06.6(6). To warrant modification, the material change in circumstances must adversely affect the child or result in a general decline in the child's condition. *Kunz v. Slappy*, 2021 ND 186, ¶ 28, 965 N.W.2d 408.

[¶7] In *Anderson v. Spitzer*, the district court found a material change in circumstances based on different parenting styles, inability to communicate, and inability to agree on scheduling and discipline without any findings on whether the child was adversely affected. 2022 ND 110, ¶ 9, 974 N.W.2d 695. In *Spitzer*, the court found: "By all accounts, P.T.S. appears to be developing well. He is an accomplished athlete and receives high academic marks." *Id.* The only challenge to that finding was an assertion P.T.S. has experienced anxiety about being with Spitzer. *Id.* The court did not make any findings regarding P.T.S.'s anxiety. *Id.* In *Spitzer*, we reversed because the findings did not indicate how changed circumstances adversely affected the child or his condition. *Id.* at ¶ 10.

2

[¶8]   Here, even after being specifically instructed to indicate how the changed circumstances adversely affected the children, the district court made no such findings. The court made a variety of findings regarding the parties' differing parenting styles, inability to communicate, and overall disagreements. The court also discussed Smith's animus towards Goetz and his new family. The court's findings regarding Smith's concerning behaviors constituting a material change in circumstances were not clearly erroneous. However, the court failed to complete the next required step of the analysis because it did not make any specific findings regarding how the material change in circumstances resulted in a decline of any kind in the children. *Slappy*, 2021 ND 186, ¶ 28. Rather, the court noted the children are overall normal and have a good relationship with their step-family. Although we do not condone Smith's behavior, the district court's determination that it was in the children's best interests to modify primary residential responsibility without finding an adverse effect or declining condition of the children was induced by an erroneous view of the law and is clearly erroneous. *Slappy*, 2021 ND 186, ¶ 28.

III

[¶9]   The district court erred in modifying primary residential responsibility without finding the children were adversely affected or evidence of a general decline in the children's conditions. The court's corrected amended judgment is reversed.

[¶10]  Jon J. Jensen, C.J.
       Lisa Fair McEvers
       Jerod E. Tufte

3

**Nelson, Surrogate Judge, dissenting.**

[¶11] I respectfully dissent from the majority's decision to reverse the decision of the district court.

[¶12] The district court judge and the parenting investigator both gave a detailed analysis of the best interest factors and they both came to the same conclusion: that the parents should have joint parenting responsibility and that Joshua Goetz should have primary decision-making responsibility—the primary reasons in both analyses being Cassandra Smith's concerning behaviors since the divorce. According to N.D.C.C. § 14-09-06.6(6), this is all that is necessary in either an original custody or visitation decision or a modification after two years since the original judgment. Section 14-09-06.6(6), N.D.C.C., states the district court may modify residential responsibility two years after an order establishing primary residential responsibility if the court finds a material change in circumstances and the modification is necessary to serve the best interests of the child.

[¶13] Based on the record, I am not left with a definite and firm conviction a mistake has been made in modifying the custody arrangement to award the parties equal residential responsibility and giving Goetz primary decision-making responsibility. I do not believe the district court's decision was clearly erroneous because it was based on concerning behaviors exhibited by Smith which is clearly not in the best interests of the children. However, our case law requires the court to take its analysis a step further than just the best interest factors. The court must also find that the material change in circumstances that led to a modification of a custody arrangement must adversely affect the child or result in a general decline in the child's condition. *Kunz v. Slappy*, 2021 ND 186, ¶ 28, 965 N.W.2d 408. In *Anderson v. Spitzer*, 2022 ND 110, ¶ 9, 974 N.W.2d 695, this Court reversed because the findings did not indicate how changed circumstances adversely affected the child or his condition.

[¶14] This Court remanded this case after concluding the district court did not make specific findings regarding whether the material change in circumstances adversely affected the children or resulted in a general decline in the children's condition. *Goetz v. Goetz*, 2023 ND 53, ¶ 1, 988 N.W.2d 553.

4

Although I admit the district court did not make these specific findings as required, ample evidence exists in the record that could have led to such findings, such as: both children reporting they wanted Smith to stop hitting them, Smith's emotional abuse of the children, Smith's inflexibility, Smith's controlling tendencies, Smith's large overreaction at any slight change in parenting plan by Goetz, Smith's use of the children as pawns in her fighting with Goetz, Smith's attempts to sabotage the children's quality time with Goetz, Smith's harassing phone calls when the children are with Goetz, Smith's unfounded requests for welfare checks while the children are with Goetz, Smith's removal of the children from paternal grandparents' daycare for no apparent reason, and Smith's termination of L.G.'s violin lessons taught by her paternal grandfather for no apparent reason. This evidence was contained in the Parenting Investigation Report completed by a court-appointed investigator who has no personal objective in the matter.

[¶15] Although the seemingly magic words of "adversely affected" or "general decline in the children's conditions" were not used in the district court's order, it is clear that such criteria were met upon a review of the record—specifically a review of the parenting investigator's report and testimony. To reverse the now established parenting plan would be to put form over substance and would ignore what has been clearly established as the best interest of the children simply to punish the lower court for a violation of a rule of construction. One could certainly infer from the record how Smith's behavior adversely affected the children. The children here have lived in each parent's home for over a year and to uproot them once again would be inconsistent with the goals of our case law which support "stability and continuity" for children. By reversing, this Court seems to be ignoring the best interest factors. The record supports the children are better off with the joint custody arrangement. The court's decision to award equal primary residential responsibility was not clearly erroneous.

[¶16] Stacy J. Louser, D.J.
David W. Nelson, S.J.

[¶17] The Honorable Stacy J. Louser, D.J., and the Honorable David W. Nelson, S.J., sitting in place of Crothers, J., and Bahr, J., disqualified.